## HENRY HEIDENHEIM, Plaintiff in Error,

*vs.*

## JAMES M. SPRAGUE, Defendant in Error.

### ERROR TO ROCK CIRCUIT COURT

Where suit is commenced by filing a declaration and service of a copy, the service of the copy and notice to plead, is regarded as the process to bring the defendant into court.

Error or mistake in process or a copy thereof, is not cause of demurrer.

When suit is commenced by filing declaration and service of copy and notice of rule to plead; the declaration being upon promissory note, a copy of which was annexed, but in the copy served the date of the note was omitted, and the defendant appeared and demurred; Held, that as the declaration and copy of note filed were correct, and showed a good cause of action, the demurrer should be overruled.

The demurrer in such case is to the declaration on file, not to the copy served. Demurrer does not lie to process.

*By the Court*, SMITH, J.   This was an action of assumpsit commenced by the plaintiff in error, against the defendant in error, by service of declaration.

The declaration contained the common counts, with a copy of a note and a notice that the note would be given in evidence under the money counts, and was the only cause of action; the copy of the note on the declaration on file is as follows:

"$130.00.                    *Racine, Aug.* 8, 1856.

" Thirty days after date, for value received, I promise to pay G. D. Fellows or bearer, one hundred and thirty dollars; ten per cent. interest, at Racine County Bank.

(Signed)   " J. M. SPRAGUE."

The sheriff served a copy of the declaration on the 20th of September, on the defendant, with a copy of the note, except the date, which was accidentally omitted.

Heidenheim vs. Sprague.

On the 10th day of October the defendant appeared, by his attorneys, and demurred to the declaration ; assigning for causes:

1. That it does not appear that the promissory note, a copy whereof is given, was due and payable at the time of the commencement of the suit.

2. That it appears that the plaintiff's only cause of action is, a written promise to pay a certain sum in thirty days after date, and said promise has no date, and hence is not evidence under the money counts.

The court below sustained the demurrer and rendered judgment for the defendant; to reverse which, this writ of error is sued out.

There is no doubt that the court erred in sustaining the demurrer. The defendant demurred to the declaration on file, not to the copy served upon him. The declaration on file is good, and none of the causes of demurrer assigned, apply to it. The copy served upon the defendant was merely the process to bring him into court, and error in process or copy thereof, is not cause of demurrer. If the process or the copy was irregular or defective, there was a proper mode of rendering such defect or irregularity available to the defendant. But a demurrer was not the proper mode.

The declaration on file being good, and the demurrer being to the declaration on file, the record shows no defect, and the demurrer should have been overruled.

Judgment reversed and cause remanded.