344          SUPREME COURT OF WISCONSIN,

Ruthe vs. The Green Bay & Minnesota Railroad Company.

RUTHE VS. GREEN BAY & MINNESOTA RAILROAD COMPANY.

APPEARANCE.   (1) *Waives defective service of process.   Appeal such waiver.*
SERVICE OF SUMMONS.   (2) *On railroad corporation, may be on station agent.*   R. S., ch. 120, § 18.
ATTACHMENT.   (3) *Statement of indebtedness in affidavit for, held sufficient.*   (5) *Affidavit, when corporation defendant, need not state title of charter.*
MISNOMER.   (4) *Of plaintiff, not jurisdictional defect, and amendable. Where,* idem sonans, *amendment unnecessary.*
JUSTICE'S COURT.   (6) *Practice in.   Reference to affidavit of attachment as complaint sufficient as oral pleading.*   (7) *Jurisdiction of, in attachment against domestic corporation.*

1. A defect in the service of summons is *waived* by defendant's general appearance to the action; and it seems that the taking of an appeal from the judgment is such an appearance.
2. Under the statute (Tay. Stats., 1355, § 20), in all actions for damages against a railroad company, summons may be served on any station or depot agent of the company; and this applies to an action on contract for labor and services.
3. A statement in an affidavit for an attachment, that defendant is indebted to plaintiff in a certain sum "for work, labor and services done and performed by him for defendant, at its special instance and request," *held,* a sufficient statement that the alleged indebtedness "is due upon contract, express or implied."   Tay. Stats., 1373, § 106.
4. The affidavit for attachment was signed "Paul Ruty," while the proceedings were carried on in the name of "Paul Ruthe," as plaintiff. *Held,* that such a variance or misnomer is not a jurisdictional defect, but may be corrected by amendment at any time; and where the names are *idem sonans,* no amendment is necessary.
5. In an affidavit for attachment against a private corporation of this state, the title of the act incorporating it need. not be stated; and if such statement be necessary in a *pleading,* its omission is not a jurisdictional defect, but may be supplied by amendment before or after judgment.
6. In an action in justice's court commenced by attachment, the docket entry states that plaintiff, on the return day of the writ, "introduced the affidavit on which the warrant of attachment was issued, as the complaint in the case."   *Held,* that this reference to the affidavit has the same effect as if it had been copied into the docket as the complaint in the action, and it was at least sufficient as an *oral* complaint.

7. Under sec. 1, ch. 148, R. S., an action may be commenced by attachment in a justice's court against a domestic corporation, as well as against a natural person.

APPEAL from the Circuit Court for *Waupaca* County.

The action was commenced in a justice's court by attachment. The plaintiff, in his affidavit for the writ, states that the defendant is a corporation duly organized under the laws of this state; that it is indebted to the affiant in the sum of $80 over and above all legal setoffs, for work, labor and services done and performed by him for the defendant at its special instance and request, between certain days therein specified; and that the affiant has good reason to believe that the defendant " has fraudulently conveyed or disposed of, or is about fraudulently to convey or dispose of, its property or effects so as to hinder or delay its creditors." The affidavit bears the signature, "Paul Ruty," but all of the proceedings in the case seem to have been carried on in the name of " Paul Ruthe," as plaintiff. The writ was served upon the station and depot agent of the defendant at New London, Waupaca county; and certain property of the defendant was seized under it.

The docket entry of the justice is, that on the return day of the writ, the plaintiff appeared "and introduced the affidavit upon which the warrant of attachment was issued as the complaint in the case." He also produced testimony, and recovered judgment for the sum claimed. The defendant made no appearance before judgment, but appealed to the circuit court from such judgment, and afterwards moved that court to dismiss the case for the following reasons: 1. Because the affidavit does not show that the indebtedness is due upon contract, express or implied. 2. Because the writ was not served on the proper officer of the defendant. 3. Because of the variance in respect to the name of the plaintiff. 4. Because there is no complaint in the action. The motion was denied; and such proceedings were afterwards had in the action, that the plaintiff recovered judgment therein for $77 and costs.

The defendant appealed from such judgment.

*Patchin & Weed*, with *W. P. Coolbaugh*, of counsel, for appellant.

*E. L. Browne* and *E. P. Perry*, for respondent.

LYON, J.    The refusal of the justice to dismiss the action is the only error alleged and relied upon to reverse the judgment. The sole ground of the motion to dismiss was, that, in the several particulars therein specified, the justice failed to obtain jurisdiction of the action.    Hence, we are only called upon to determine whether the justice had jurisdiction to render the judgment appealed from.    It will be most convenient to consider the objections to such jurisdiction in the order stated in the brief of counsel for the defendant.

I. It is argued that service of the warrant of attachment upon a station or depot agent of the defendant railroad company is not sufficient ; and, strangely enough, the counsel cites Tay. Stats., 1355, § 20, to sustain the position.    But that paragraph includes sec. 1, ch. 34, Laws of 1870, which provides expressly that in all actions for damages against any railroad company (and this is such an action), service of process may be made upon any station or depot agent of the defendant. Some other objections are taken to the return of the constable who served the process ; but we think the return is sufficient.

But any defect in the service or return goes only to the jurisdiction of the justice of the person of the defendant, and may be waived by a general appearance to the action.    See cases cited in Judge Dixon's note to *Heidenheim v. Sprague*, 5 Wis., 259, and particularly *Damp v. Dane*, 29 id., 419, and *Blackwood v. Jones*, 27 id., 498.    We are inclined to think that the taking of an appeal is such an appearance, and operates as a waiver of any defects in the service and return of the process.

II. It is further argued that the affidavit for the warrant of attachment is insufficient to confer jurisdiction upon the justice

to issue the warrant, because; 1. It does not state that the indebtedness is due upon contract express or implied ; 2. The person whose name is signed to the affidavit is not the person named as plaintiff in the action ; and 3. The title of the act under which the defendant is incorporated is not given.

Waiving the question whether the appearance of the defendant does not also cure all defects in the affidavit, we think none of the objections thereto are well taken. 1. As we understand the affidavit, it does state that the plaintiff's claim is due upon express contract. That is to say, it contains averments of fact, which, if true, constitute an express contract ; and this is sufficient. 2. As to the variance or misnomer. That is not a jurisdictional defect, but may be corrected by proper amendment at any time. Besides, it is quite probable that *Ruthe* and *Ruty* are *idem sonans ;* and, if so, no amendment was or is necessary. 3. Our attention has not been called to any law which requires the title of the act incorporating the defendant to be stated in the affidavit. If such statement is necessary in a *pleading*, the omission of it does not go to the jurisdiction of the court, but may be supplied by amendment before or after judgment.

III. It is said there is no complaint in the action. We think there is a complaint, although it may have been put in orally, and that it contains the same averments which the affidavit contains. The reference to the affidavit, in the docket of the justice, has the same force and effect as though the justice had copied such affidavit in his docket as the complaint in the action.

IV. A manuscript brief has been furnished on behalf of the defendant, in which the learned counsel contend, with much ingenuity of argument, that a justice of the peace has no jurisdiction to issue a warrant of attachment against a corporation organized under the laws of this state. But the counsel have evidently overlooked an important provision of the statute, which is, of itself, a perfect answer to their argument. " Ac-

tions against corporations may be commenced in the same manner that personal actions are commenced against individuals." R. S., ch. 148, sec. 1. Hence, actions may be commenced against domestic corporations, before justices of the peace, by attachment.

The foregoing observations dispose of all the objections to the jurisdiction of the justice, adversely to the defendant. It follows that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.