KELLAM vs. TOMS, imp.

JUDGMENT AGAINST SURETY ON APPEAL: FOREIGN JUDGMENT: PLEAD-ING. (1, 5, 6) *Judgment on appeal, against surety and appellee.* (7, 8) *Complaint on foreign judgment of that character; how jurisdiction to be pleaded.* (2) *Effect of mere irregularity on foreign judgment.* (3, 4) *When defendant may be sued by surname only.* (9) *Amendment of complaint.*

1. The defendant above named became surety for other persons (who are his codefendants in this action), on an appeal taken by the latter to a circuit court of Michigan from a judgment of a justice of the peace of that state. Judgment was finally rendered in favor of the appellees against both the surety and his principals; and this action is upon that judgment. It seems that by the Michigan statute (Comp. Laws of Mich. of 1857), if the appellee was successful, he had a right to a judgment against the appellant *and his surety*, and execution against them jointly, with a proviso that the surety should be discharged from such judgment if no execution were issued within thirty days of its rendition; and it appears from the judgment record as herein pleaded, that the surety in this case was not discharged by virtue of such exception. *Held*, that such judgment against the surety, under such a statute, would be valid. 5 Mich., 53; 10 Wis., 378; 34 id., 72.

2. In an action upon a judgment rendered in another state, plaintiff's right of recovery is not affected by any mere irregularities in the record of such judgment, if it appears that the court had jurisdiction to render it.

3. Every person is presumed to have a christian name and a surname; and he should sue and be sued by both.

4. But where the plaintiff is ignorant of a defendant's name, the latter may be designated in the action by any name (R. S., ch. 125, sec. 39); and where the complaint avers ignorance of the "individual" names of certain defendants, and sues them by their surnames only, this is *held* to be a sufficient compliance with the statute.

5. Jurisdiction did not exist at common law to render a judgment, on appeal, against both the appellee and his surety, such as that here pleaded.

6. The judgment against an appellant and his surety authorized by sec. 50, ch. 140, R. S. of this state, is not a general judgment, and cannot be made the foundation of a general judgment against the surety.

7. In an action here, founded upon a Michigan judgment against both an appellant and his surety, perhaps it would be sufficient to plead generally the judgment and the jurisdiction of the court which rendered it.

8. But where the complaint in such an action pleads specially the facts on which the jurisdiction rests: *Held*, on demurrer, that a general averment of the jurisdiction of the court is not sufficient, but it is necessary to *plead the statute* on which such jurisdiction rested.

9. The defect in the complaint, being technical, may be amended in the court below.

APPEAL from the Circuit Court for *La Crosse* County.

The complaint alleged, in substance, that on August 9, 1858, the defendants Klaupuch and Menzel were partners doing business in the county of Oakland, Michigan; that the plaintiff, on that day, presented to Charles C. Waldo, a justice of the peace, an affidavit for attachment stating, among other things, that said Klaupuch and Menzel were indebted to him in the sum of $300 on contract, and were not residents of Michigan, but of Ohio; and that at the same time the plaintiff executed a bond with sufficient sureties, whereupon the justice issued a writ of attachment (reciting its substance) returnable August 16th. The complaint further alleged that said justice had jurisdiction of such action, reciting at length the statute of Michigan giving such jurisdiction; that the plaintiff duly recovered judgment against said partners for $147.50 damages, with costs, on September 16th; that on September 21st following, Klaupuch and Menzel, by their agent, appeared in said action, and duly appealed the same to the circuit court, giving the bond required by law, signed by Harry C. Andrews and *Joel P. Toms* as sureties, and binding the parties thereto to pay any judgment which the circuit court might render against Klaupuch and Menzel, with interest and costs; that said action was afterwards tried in said circuit court, and plaintiff duly recovered judgment therein in the sum of $300 with costs, against the said defendants and said sureties, on the 18th of June, 1870; that before said trial Andrews, one of the sureties, died; that the individual names of Klaupuch and Menzel are unknown to the plaintiff; and that on June 18, 1870, plaintiff caused an execution to be duly issued out of said circuit court against said defendants and sureties, and the same was duly returned wholly unsatisfied.

The Michigan statute by virtue of which judgment was rendered against the defendants and sureties, was not recited in the complaint; but on the argument, the statute named in the first opinion, *infra,* was treated as the one governing the case.

The defendant *Toms* appeared and demurred to the complaint for a defect of parties defendant, and for insufficiency of facts. The demurrer was sustained ; and the plaintiff appealed.

*Cameron & Losey* and *Hugh Cameron*, for appellant :

1. Full faith and credit are to be given in each state to the public acts, records and judicial proceedings of every other state. Sec. 1, art. IV, const. U. S. See act of congress of May 26, 1790. 2. Under the code, a demurrer does not lie because there are *too many* defendants. *Gregory v. Oaksmith*, 12 How. Pr., 134; *Peabody v. Washington Mut. Ins. Co.*, 20 Barb., 339; *Davy v. Betts*, 23 How. Pr., 396; *Allen v. City of Buffalo*, 38 N. Y., 280; *Carney v. La Crosse & Mil. R. R. Co.*, 15 Wis., 503; *Cord v. Hirsch*, 17 id., 403. 3. The facts stated in the complaint are well pleaded, and are admitted by the demurrer. *Veeder v. Collins*, 5 Wis., 339; *Farmers' Loan and Trust Co. v. Fisher*, 17 id., 114. A general demurrer to a complaint will be sustained only when the complaint is bad in substance. *Morrow v. Lawrence*, 7 Wis., 574. The complaint in this case would be good on general demurrer, if it merely alleged that the judgment was duly given in the circuit court for Oakland county, Michigan. Sec. 23, ch. 125, R. S. This statute applies to courts of special jurisdiction in other states as well as to those of like courts in this state. *Willey v. Strickland*, 8 Ind., 453; *Draggoo v. Graham*, 9 id., 214; *Archer v. Romaine*, 14 Wis., 375. Nor does the case of *Smith v. Lockwood* change this rule. 4. The statute authorizing judgment to go against the surety upon appeal, is constitutional. By executing the undertaking on appeal, the surety *consents* to the entry of judgment against him in case judgment should go for the plaintiff in the appellate court. *Lewis v. Garrett*, 5 How. (Miss.), 434; *People v. Van Epps*, 4 Wend., 390; *People v. Lott*, 21 Barb., 130; *Gildersleeve v. People*, 10 id., 35; *Philadelphia v. Commonwealth*, 52 Pa. St., 451; *Whitehurst v. Coleen*, 53 Ill., 147; *Bank of Columbia v. Okely*, 4 Wheat., 235; *Pratt v. Donovan*, 10 Wis., 378; *Booth v. Ableman*, 20 id., 602.

*M. P. Wing* and *G. C. Prentiss*, for respondent:

1. It appears from the face of the complaint that no defendants were ever named in the original suit except as Klaupuch and Menzel. Our statute does not authorize the entry of judgment against copartners by a firm name only; neither does the common law. Our statutes (Tay. Stats., 1356, § 23, and 1447, § 43) do not make a judgment good against a party without his name being given. At common law it is the rule that it must be stated with certainty who are the parties to the suit. 1 Chitty's Pl., 266; *Bentley v. Smith,* 3 Caines, 170; *Seeley v. Schenck,* Penn. (N. J.), 75; *Crandall v. Dewey,* id., 137. 2. The allegation of the complaint "that said writ of attachment was duly served and returned to said justice before the return day therein mentioned;" is wholly insufficient. It should state what service was made. *Sawyer v. Ins. Co.,* 12 Mass., 291. 3. The defendant *Toms* never appeared in the action, and was never a party to it. The judgment was purely a statutory one, and can be of no force except under the statute which authorized its rendition. It is open to review in this court. *Brown v. Parker,* 28 Wis., 21; Freeman on Judgm., sec. 571; 13 Ohio, 209; 9 Ind., 212; *Board of Public Works v. Columbia College,* 17 Wall., 521; *Thompson v. Whitman,* 18 id., 457; *Knowles v. Gas Light & Coke Co.,* 19 id., 58; *Rape v. Heaton,* 9 Wis., 328; *Jones v. Spencer,* 15 id., 583. 4. The remedy of execution provided by the Michigan statute is exclusive. *Smith v. Lockwood,* 34 Wis., 72; *Sawyer v. Ins. Co.,* 12 Mass., 291; *Arnet v. Ins. Co.,* 22 Wis., 516; *Hall v. Hinckley,* 32 id., 363; Tay. Stats. 1356, § 51.

In their supplemental brief, *Cameron & Losey,* for appellant, argued, 1. That the objection as to the omission of the first names of Klaupuch and Menzel comes too late, they having appeared generally, and having appealed in that name. *Lowe v. Stringham,* 14 Wis., 222; Compiled Laws of Mich. of 1871, p. 1599, sec. 59. 2. The allegation that the writ of attachment " was duly served and returned," is sufficient. Moreover the

defendants, by appealing, waived defects of service. *Barnum v. Fitzpatrick*, 11 Wis., 81; *Lowe v. Stringham*, 14 id., 222; *Woodruff v. Lander*, 18 id., 161; *Wells v. Scott*, 4 Mich., 347; *Tower v. Lamb*, 6 id., 362. 3. The bond on appeal was executed in conformity with the statute (*Cameron v. Cameron*, 15 Wis., 1); and, by signing the bond, *Toms* appeared and became a party to the action.

The following opinion was filed at the January term, 1875.

RYAN, C. J. The respondent became surety for his codefendants on an appeal; and thereupon judgment was entered against him and them, in one of the circuit courts of Michigan, under a peculiar statutory provision of that state. The provision is in substance this: In all cases in which judgment shall go against the appellant, the appellee may, upon his motion before judgment, have judgment against both the appellant and his surety, to be collected as ordinary judgments against two or more: *provided*, first, that the surety shall not be liable on execution on a judgment rendered on a judgment so entered on motion; and *provided*, secondly, that no execution on a judgment so entered on motion against appellant and surety, shall be levied on the surety's property, unless issued within thirty days in the circuit court or within ninety days in the supreme court; and *provided*, lastly, that the thirty and ninety days may be extended by stipulation. If judgment shall be entered against the appellant only, execution must be issued on the judgment within thirty days, or the surety shall be discharged. Comp. Laws of Mich., 1871, ch. 178, secs. 214, 215.

So blind a statute in another state helps to reconcile us to occasional obscurities in our own. We have been unable to find anything in the reports of that state to throw light upon it. In one case, in which the court seem to have looked upon the statute in the nature of darkness visible, it is held that the provision cannot be extended by construction. *Mitchell v Stuart*, 17 Mich., 65.

It appears that, under it, the appellee, upon success, has his election to take judgment against the surety jointly with the appellants, or to rely on his action on the recognizance. In the former case, the surety's property is not liable on execution issued after thirty or ninety days; or on any execution upon a judgment recovered on the statutory judgment. In the latter case, he is discharged unless execution issue against his principal within thirty days. So that the surety incurs a liability far short of a general one.

What may be the effect, in Michigan, against the surety, of judgment entered on motion under the statute, when execution is not issued in thirty days, or of a judgment against the surety recovered on the statutory judgment, if such judgment can be there recovered, we are happy that we are not called upon to see. Speaking for this state, not for that, it seems to us to be very plain that, if execution cannot go against the surety on a subsequent judgment recovered on the original judgment against him and his principal, it is an idle and unjudicial process to render such subsequent judgment at all. A judgment is supposed to import absolute verity : absolute and final verity. Such a judgment would seem to import a falsehood. It would import that the appellee recover of the surety what the statute says that he shall not recover, notwithstanding the judgment.

Here is a citizen of Michigan, who sues on his Michigan judgment in our court. He is to have here, in effect, what he could get in Michigan. We are to give the same effect to the judgment which the courts of Michigan would give; no more. *Brown v. Parker*, 28 Wis., 21. In his own state the appellant's right and power to collect his judgment against the respondent appear to be gone. He might, perhaps, there recover judgment on this judgment; but he could not have execution. Here, if he recover judgment, he must have execution; so that he could collect here under a statute of Michigan what he cannot collect there. The Michigan courts seem to have, in such a case, the pleasant function

of rendering emasculated judgments; the courts here have not.

And inasmuch as a judgment in Michigan against the respondent on the judgment now in suit, would be formal only, and of no value to the appellant, and we have no power to render such formal judgment here, we cannot think that we refuse full faith and credit to the Michigan judgment by refusing to render any judgment on it here.

For these reasons, the order of the court below must be affirmed.

*By the Court.* — Order affirmed.

A rehearing was granted, and the cause was reargued at the August term, 1875.

*Cameron & Losey*, for appellant:

1. The judgment against *Toms* was valid, and gave *Kellam* the right to issue execution against him and his principal at once. *Chapee v. Thomas*, 5 Mich., 53; *Parsons v. Russell*, 11 id., 133; *Lang v. The People*, 14 id., 439. *Toms* could only be discharged from his liability on the judgment by payment, or by *Kellam's* neglect to issue execution for thirty days. 2 Compiled Laws of Mich., of 1857, ch. 117, sec. 214. 2. The judgment was recovered June 18, 1870, and *Kellam's* rights under the law of 1857, being vested, were not affected by the law of 1871, cited by the court. Cooley's Con. Lim., 361–370; *State v. Atwood*, 11 Wis., 442; *Harrison v. Metz*, 17 Mich., 377. Even if that act were in terms retrospective, it would be void in so far as it took away *Kellam's* right to collect his judgment against *Toms* by using the remedy allowed him, viz., an action upon his judgment, and an execution. Cooley's Con. Lim., 288; *Mundy v. Munroe*, 1 Mich., 68.*

RYAN, C. J.    I. When this appeal was heard at the last term, we were referred by both parties to sec. 214, ch. 178 of

_____

*The counsel for the respondent do not appear to have filed any brief, on the reargument. — REP.

the compiled laws of Michigan of 1871, as the statute governing the Michigan judgment in suit in this cause; and we looked no further for authority for the judgment.

In support of the appellant's motion for rehearing, it was pointed out to us that this was a mistake; that the section to which we had been referred, as it stands in the compilation of 1871, was passed after the recovery of the appellant's judgment, and is an amendment of a previous provision in a statute of 1857, in force when the appeal in Michigan was taken and the Michigan judgment rendered. Comp. Laws of Michigan, 1857, ch. 117, sec. 214.

We accordingly granted a rehearing, and the appeal was again heard at this term. It became apparent on the rehearing, and indeed was not denied, that the statute of 1857 must govern the judgment.

On comparison of the two statutes, it appears that the first proviso of the statute of 1871, on which our former decision is made to rest, "that the surety shall not be liable on execution on a judgment rendered on a judgment so entered on motion," is not found in the statute of 1857: which gives to the appellee, recovering on appeal in the circuit court, a right to judgment against the appellant and his surety, with execution against them jointly, with the qualification that "in such case the surety shall be discharged from such judgment if no execution be issued thereon within thirty days after the rendition thereof, unless such surety consent to further delay."

It does not appear by the judgment record as pleaded, that the respondent, the surety in the appeal, was discharged from the judgment. On the contrary, it appears by the complaint that execution was issued on the judgment within thirty days after its rendition against the respondent and his principals in the appeal, so that the respondent is without right to be discharged from the judgment, which is thus final and absolute there against him.

The validity of such a judgment so rendered against a surety

was denied. But that is not an open question either in Michigan or here. *Chappee v. Thomas*, 5 Mich., 53 ; *Pratt v. Donovan*, 10 Wis., 378. See also *Smith v. Lockwood*, 34 Wis., 72.

Some criticisms were made by the respondent's counsel upon alleged inaccuracies and irregularities in the Michigan record. It may be doubted if any of them would prevail in the supreme court of Michigan, on appeal. They certainly cannot in this court. We cannot review the judgment. It is sufficient here, on this demurrer, if it appear that the circuit court of Michigan had jurisdiction to render the judgment.

II. It is objected that the codefendants of the respondent are sued here, as in Michigan, by their surnames only. Certainly every person is presumed to have two names, one Christian name and one surname (Co. Litt., 3 a; Bacon's Abr., Misnomer), though the presumption is often disregarded in the records which come here, in which, by a loose and vicious practice, many parties are designated by initials instead of Christian names. Parties should sue and be sued by their Christian and surnames. *Seely v. Schenck*, Penn. (N. J.), 75. But a plaintiff may not always know the names, Christian or hereditary, of one whom he sues ; and in that case the defendant may be designated by any name. R. S., ch. 125, sec. 39. Here the complaint avers ignorance of the "individual" names of the respondent's codefendants, and sues them by their surnames. We consider this a sufficient compliance with the statute; and we need not consider whether the point, if well taken, would be good on this demurrer.

III. We have hitherto considered the case, as we did on the first hearing, as if the Michigan statute had been pleaded to support the judgment. But on examination of the complaint, we find that it is not. The complaint pleads the statute of that state giving jurisdiction of the original suit to justices of the peace, but not the statute giving jurisdiction to the circuit courts, on appeal, to render judgment against appellants and their sureties. And it is objected that we cannot take judicial

cognizance of a statute of Michigan not pleaded. We must hold the objection well taken. It certainly looks rather anomalous that, without pleading or suggestion, we may look into the reports of a sister state to see how her courts construe her statutes, may look into her statutes to compare them with ours, and may be bound by her construction of her statutes subsequently copied here; and yet that we cannot look into her statutes without pleading, to find a statutory jurisdiction of her courts. But so it is decided. *Rape v. Heaton*, 9 Wis., 328. See also *Walsh v. Dart*, 12 id., 635. And perhaps the apparent anomaly is explained by the mistake in this case which misled the court, for want of the accuracy of pleading.

Certainly jurisdiction to render this judgment against the respondent did not exist at common law. Nor does it exist by statute here, so as to authorize a presumption that it does in Michigan. *Rape v. Heaton, Walsh v. Dart, supra*. The judgment against an appellant and his surety authorized by sec. 50, ch. 140, R. S., is not in effect a general judgment and would not found a general judgment against the surety.

It may be that in such a case as this, it might have been sufficient to have pleaded the judgment generally, and the juris diction of the court rendering it generally. But when the facts on which jurisdiction rests are specially pleaded, and the statutory jurisdiction arising upon them is not pleaded, as here, a general averment of jurisdiction is not sufficient. *Teetshorn v. Hull*, 30 Wis., 162.

The defect of the complaint is technical, and may be amended below. But it must prevail here.

*By the Court.* — The order of the court below is affirmed, and the cause remanded for further proceedings.