### LIKENS vs. McCORMICK and another.

PRACTICE: OPENING JUDGMENT: SERVICE BY PUBLICATION. *(1) Defect of jurisdiction waived by neglect of defendants to appeal from order to answer on vacating judgment. (2) Statute authorizing service by publication must be strictly followed. (3) When service by mailing summons and complaint invalid. (4) When personal service on one of two defendants without the state insufficient. (5) Defendants irregularly served may have default opened.*

1. Defendants, appearing for that purpose only, moved to vacate a judgment

against them, on the ground that the court had not acquired jurisdiction of them. An order was thereupon made vacating the judgment, but setting a time for them to answer; and from this they took no appeal. *Held*, on plaintiff's appeal, that by such submission to the order, defendants waived the defect of jurisdiction; and the question presented here is not that of jurisdiction, but only whether the judgment was properly opened for irregularity.

2. Courts of record of this state, in actions upon contract, may obtain jurisdiction of a nonresident defendant, having property in this state, by service of summons by publication; but the statute providing for such service (R. S., ch. 124, sec. 10) must be strictly followed.

3. After the order of publication in this case, a copy of summons and complaint was mailed to defendants, by their firm name, giving the initials only of their Christian names, which were known to the plaintiff. *Held*,

(1) That if a copy had been so directed and mailed to *each* of them, it would have been a doubtful service. *Kellam v. Toms*, 38 Wis., 592.

(2) That the mailing of one copy to both could operate, at best, as service on one only, not affecting the other; and the uncertainty which, if either, might receive the copy so mailed, makes it *prima facie* void as to both.

4. A subsequent personal service on one of the defendants, without this state, with no attempt to serve the other, was not a sufficient compliance with the statute.

5. Judgment as upon default having been rendered against the defendants after the attempts at service above described, they were entitled to have it opened, for the irregularity.

APPEAL from the Circuit Court for *Iowa* County.

Action to recover a balance alleged to be due upon an open account from the defendants, *C. H.* and *L. J. McCormick*, residents of Illinois, to the plaintiff, who is a resident of this state. Service was attempted to be had upon defendants by publication, the facts concerning which appear in the opinion. Plaintiff having taken judgment by default, defendants subsequently appeared by attorney for the sole purpose of moving, upon affidavits and the papers on file, to set the judgment aside. The court made an order setting aside the judgment, and granting defendants leave to answer within thirty days. Plaintiff appealed from the entire order; but defendants did not appeal.

*W. W. Likens*, appellant, in person, argued that the summons was regularly served, all the provisions of the statute having been fully complied with. Tay. Stats., ch. 124, § 12. Even if there were defects in the service, defendants waived them by their appearance. The appearance was general. 14 Wis., 222; 17 id., 401; 32 id., 312; 4 id., 275; 11 id., 81; 26 id., 220; 27 id., 488, 564; C. C. Rules, 22; 15 How. Pr., 92; 9 id., 445; 19 id., 429; 32 id., 351; 6 Abb. Pr., 336; 3 Caines, 133; 1 Wend., 1; 2 Duer, 648; 48 Barb., 132; 1 Wait's Pr., 560. Such an appearance waives all irregularities in the summons and its service, and even the want of any service. 39 Barb., 140; 6 How. Pr., 308, 439; 5 id., 233; 10 N. Y. Leg. Obs., 158; Gra. Pr., 87, 123, 566–7; 7 Cow., 366; 18 Wis., 69; 26 id., 220.

*Moses M. Strong*, for respondents, contended that neither of the defendants had been served with process, and that the judgment set aside was void for want of jurisdiction over them. *Weatherbee v. Weatherbee*, 20 Wis., 499.

RYAN, C. J. The respondents appeared below specially for the purpose only of moving to vacate the judgment, evidently on the ground that the court had not acquired jurisdiction over them. The peculiarity of the case is, that, on this motion, the court below not only vacated the judgment, but set a time for the respondents to answer, and ordered the costs to abide the event of the cause; presumably assuming jurisdiction, and proceeding on the ground of irregularity. The respondents have not appealed from this part of the order, and must be taken as submitting to it. We think that the order, so submitted to, operates to cure all defect of jurisdiction. *Ruthe v. R. R. Co.*, 37 Wis., 344, and cases in this court collected by DIXON, C. J., in a note to *Heidenheim v. Sprague*, 5 Wis., 259. Had the waiver of the jurisdictional defect been by voluntary appearance of the respondents, the question here would have been different. But the waiver rests

solely on their submission to the order appealed. The appeal is from the whole order, and if it were reversed, it would leave the court below without jurisdiction. *Anderson v. Coburn*, 27 Wis., 558, and other cases in this court. The question for us is therefore one of regularity, not of jurisdiction.

The appellant's affidavit on which the order of publication was made, gives the full Christian and surnames of the respondents, and states that they reside in Chicago. After the order of publication, a copy of the summons and complaint was mailed, directed to the respondents by the name of their firm as stated in the affidavit, giving the initials only of their Christian names. If copies had been separately so directed and mailed to each, it would have been a doubtful service. *Kellam v. Toms*, 38 Wis., 592. But the mailing of one copy to both could operate at best as service upon one only, not affecting the other. *Blackburn v. Sweet*, 38 Wis., 578. And the uncertainty which respondent, if either, might receive a copy so mailed to both, makes it *prima facie* void as to both. Afterwards there was personal service on one of the respondents in Chicago, but no apparent attempt to serve the other. So that there is a manifest failure to follow the statute. This mode of service has been sustained by this court. *Jarvis v. Barrett*, 14 Wis., 591. But the statute must be strictly followed. *Anderson v. Coburn, supra.* The judgment was clearly irregular, in a point affecting the substantial rights of the respondents, and they were entitled to have it opened.

*By the Court.* — The order of the court below is affirmed.