Hull vs. Augustine et al.

## HULL vs. AUGUSTINE and others.

*Usury and* Lex Loci — *Presumption as to laws of other states.* — *Verdict: when not to be set aside.*

1. A note given in Illinois by a firm doing business in this state (place of payment not expressed), to take up a previous note executed in this state by the same firm, *held* to be governed by the laws of Illinois in respect to usury.
2. The makers can avail themselves of the defense of usury only by pleading and proving the law of Illinois on that subject.
3. There is no presumption that the usury laws of another state are the same as our own; especially when the latter are of a penal character.
4. This court will not reverse a judgment on the ground that the verdict was contrary to the weight of evidence, if there was some evidence to support it.

APPEAL from the Circuit Court for *Grant* County.

Action against *Augustine, McKenzie* and *Garnick*, upon a promissory note, dated November 3, 1855, and executed on that day, in the state of Illinois, by *McKenzie*, under the firm name of "*McKenzie, Augustine & Co.*" It appeared that said firm, consisting of the three defendants, did business in this state and not in Illinois; but that it had dissolved and ceased to do business, August 1, 1855. There was some evidence to charge the plaintiff with knowledge of this fact at the time he took the note; but he testified in his own behalf that he had no such knowledge. About a month before its dissolution, the firm was indebted to the plaintiff on a note executed to him,

it would seem, in this state, and the amount then due thereon was never paid to the plaintiff, but was drawn from the partnership funds by *McKenzie* and *Garnick*, who agreed with *Augustine* to assume the payment of the same. The note in suit was given for the amount so due, and the old note was at the same time surrendered or canceled. The defendant *Augustine* also set up the defense of usury, on grounds stated in the opinion; but the court withheld that question from the jury.

Verdict for the plaintiff; new trial denied; and judgment upon the verdict; from which the defendants appealed.

*Paine & Carter*, for appellants:

The agreement, executed contemporaneously with the note, to pay fifteen per cent thereon, contaminates the note with usury, and under the laws of this state would render it void. *Lee v. Peckham*, 17 Wis. 386 ; *Martin v. Rutherford*, 18 id. 307. This court has already held, that in the absence of direct proof it would presume the laws of other states to be the same as our own (*Rape v. Heaton*, 9 Wis. 341); and the cases in New York to the effect that every man is presumed innocent until the contrary is proved, do not apply here. The question here is not one of guilt or innocence, but whether a certain contract is valid or void. "Two consequences attach to a usurious contract. One is the avoidance of the agreement, the other is the penalty fixed by law." 3 Pars. on Con. 122. Only the former of these consequences is involved in this case.

*Charles Dunn*, with *S. U. Pinney*, of counsel, for respondent, to the point that this court would not review the finding of the jury, cited *Knowlton v. Culver*, 1 Chand. 214; 10 Wis. 86, 426. Nothing to the contrary appearing on the record it must be presumed that the agreement was not usurious, but valid under the laws of Illinois. The laws of a foreign state on this subject will not be presumed to be like our own. Story on Conflict of Laws, 93 ; *Connor v. Bellamont*, 2 Atk. 382; *Hos-*

*ford v. Nichols,* 1 Paige, 220; *Pomeroy v. Ainsworth,* 22 Barb. 118; *City Savings Bank v. Bidwell,* 29 id. 325; *St. John v. American Life Ins. Co.,* 2 Duer, 419; *Garr v. Davis,* 2 Seld. 224; *Greenwade v. Greenwade,* 3 Dana, 495; *Thompson v. Ketcham,* 8 Johns. 189; Blydenburgh on Usury, 110.

COLE, J.   Whether the defendant *Augustine* was bound by the note sued on, depended upon the question whether the plaintiff had notice, at the time it was given, of the previous dissolution of the partnership of McKenzie, Augustine & Co., or had knowledge of facts from which he ought to have inferred a dissolution.   This was a question of fact, fairly submitted to the jury upon the evidence.   To our minds, the preponderance of testimony is in favor of the supposition that the plaintiff knew, when he took the new note, that the firm was dissolved.   But he testified that he had no notice thereof, and the jury seem to have credited this statement in opposition to the clear weight of evidence.   We cannot, however, set the verdict aside because the jury arrived at a conclusion quite different from what we should have done upon that question.

The only remaining point arises upon the defense of usury. The note was given in the state of Illinois, and is to be governed by the laws of that state in respect to usury.   According to the testimony of Mr. McKenzie, there was a written agreement to pay interest at the rate of fifteen per cent per annum, although the note upon its face bears interest at only ten per cent.   A contract to pay interest at the rate of fifteen per cent, for a loan of money or a forbearance of a debt previously existing, would have been usurious by the laws of this state when the note was given.   Now, although in the amended answer of *Augustine* it is alleged, that the note and contract sued upon were void for usury, yet there is no allegation that the contract was usurious by the law of Illinois; nor was there any proof given on the trial as to what the laws of Illinois

were upon the subject of usury. In this state of the pleading and proof, the question arises, whether the defense of usury is available. On the part of the defendant *Augustine*, it is contended that it is — that since the contract is usurious by the laws of this state, in the absence of all proof to the contrary, we must presume that the law of Illinois is the same as our own upon the subject of usury. But the law seems to be settled the other way — that a defendant seeking to avail himself of the defense of usury to a foreign contract is bound to set up in his answer the foreign law which renders the contract void, and sustain the allegation by proof on the trial; and that no presumption will be indulged in his favor. *Cutler v. Wright*, 22 N. Y. 472; *Brackenridge v. Baxton*, 5 Ind. 501; *Wilson v. Clark*, 11 id. 385; *Davis v. Rogers*, 14 id. 424; *Thatcher v. Morris*, 11 N. Y. 437; and *Jewell v. Wright*, 30 id. 259. In many cases the courts will presume that the laws of a foreign state, nothing being shown to the contrary, correspond with their own (*Rape v. Heaton*, 9 Wis. 341; *Walsh v. Dart*, 12 id. 635); but this presumption is not indulged in when the foreign law imposes a penalty or works a forfeiture, as in the case of usury. Our statute of usury is highly penal. It forfeits the entire debt, and did when the note sued upon was given. We are not, therefore, to assume that the law of Illinois corresponds with our own, and visits the transaction with the same penal consequences. On the contrary, if the defendant intended to avail himself of the defense of usury, he should have alleged in his answer that the contract was usurious by the laws of Illinois, and should have sustained this averment by proof on the trial. As the case now stands, we must assume that the agreement to pay interest at the rate of fifteen per cent. was unobjectionable by the law of that state.

This disposes of all the material questions in the case.

*By the Court.* — The judgment of the circuit court is affirmed.