Osborn vs. Blackburn and others.

OSBORN, Respondent, vs. BLACKBURN and others, Appellants.

*November 10 — November 25, 1890.*

*Constitutional law: Effect to be given to judgment of another state: Conflict of laws: Judicial notice.*

In an action in this state upon a replevin bond given in an action in Minnesota, the courts of this state are not bound, in determining the effect to be given to the Minnesota judgment, to take judicial notice of the law of that state regulating the action of replevin. In the absence of proof the presumption is that such law is the same as the law of this state.

APPEAL from the Circuit Court for *Ashland* County.

The facts will sufficiently appear from the opinion. The defendants appeal from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Bashford & Disney* and *Fayette Marsh*, and oral argument by *Mr. Marsh*. They contended, *inter alia*, that the judgment in the Minnesota action was not in the form required by the statute. Sec. 272, ch. 66, Laws of Minn. The court must take judicial notice of the same under the federal constitution. *Bank of N. A. v. Wheeler*, 28 Conn. 433; *Rae v. Hulbert*, 17 Ill. 573; *Carpenter v. Dexter*, 8 Wall. 513; *Paine v. Schenectady Ins. Co.* 11 R. I. 411; *Ohio v. Hinchman*, 27 Pa. St. 479.

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *C. A. Lamoreux*.

COLE, C. J. This is a suit upon a replevin bond which was executed by the defendants in an action brought in the district court of Minnesota. The bond was given to enable the defendant in that action to retain possession of the property in controversy, and was conditioned that the obligors should pay any sum which the plaintiff might recover. A judgment for $1,653.70 was recovered in the Minnesota court, which has not been paid, and hence this

suit upon the bond. Some technical objections are taken to the Minnesota judgment, as that it has not been perfected by the taxation of the costs and disbursements being inserted therein, and that the judgment was not in the form prescribed by the Minnesota statute. No proof was made as to what the law of Minnesota was upon the subject. The learned counsel for the defendants contends that the courts of this state will take judicial notice of what the laws of Minnesota are without proof. If this contention of counsel is not sustained, it is practically admitted that the judgment from which this appeal is taken must be affirmed.

In the case of *Rape v. Heaton*, 9 Wis. 329, the law upon this question was thus laid down: "The act of Congress requiring such faith and credit to be given to judgments as they would have in the states where rendered, does not profess to determine in what manner the courts shall ascertain such effect, and cannot be construed as making it imperative on them to take judicial cognizance of the laws of other states. There are many cases where the courts are bound to decide upon contracts according to the laws of other states where they were made or are to be performed, but it has never been held that in such cases they were bound to take judicial notice of those laws. So here, the constitution and act of Congress require the effect and credit of judgments to be determined according to the law of the state where rendered, but leave the manner in which courts shall ascertain those laws to be determined by the general principles of pleading and proof applicable to the subject. The act of Congress does not undertake to determine this, and even if it did it is very doubtful whether it would be competent for Congress to provide in what manner the laws of one state should be proved in another." Page 339. And the opinion proceeds to state the decision of this court on the point in this language: "The true rule

is that in such cases courts are not bound to take actual notice of the laws of other states in the absence of all proof, but may presume them to be in accordance with their own. So that whenever any difference is relied on it is incumbent on the party relying on it to prove such difference for the information of the court."

The doctrine of *Rape v. Heaton* was followed in *Walsh v. Dart*, 12 Wis. 635; *Hull v. Augustine*, 23 Wis. 383; *Pierce v. C. & N. W. R. Co.* 36 Wis. 283; *Horn v. C. & N. W. R. Co.* 38 Wis. 463; *Kellam v. Toms*, 38 Wis. 592. But the question is so fully and ably considered by Mr. Justice PAINE in *Rape v. Heaton*, both upon principle and authority, that it is unnecessary to extend the discussion here, or to attempt to fortify the reasoning which led the court to the conclusion so arrived at. We are well aware that there are conflicting decisions upon the question, but we think *Rape v. Heaton* lays down the better rule and is sustained by the greater weight of authority.

It is claimed that the supreme court of the United States, in *Carpenter v. Dexter*, 8 Wall. 513, establishes a different rule. One question in that case was whether it was necessary to prove the official character of the officer taking the acknowledgment of a deed. The court held that it was not. Unless the statute required the evidence of official character to accompany the official act which it authorizes, no such proof was necessary. And the court said: "Where one state recognizes acts done in pursuance of the laws of another state, its courts will take judicial cognizance of those laws so far as it may be necessary to determine the validity of the acts alleged to be in conformity with them. In this case, also, the laws of New York are, by stipulation of parties, considered as evidence."

In *Hanley v. Donoghue*, 116 U. S. 1, the court had occasion to consider the question. Mr. Justice GRAY, in delivering the opinion of the court, says: "Upon principle,

therefore, and according to the great preponderance of authority (as is shown by the cases collected in the margin), whenever it becomes necessary for a court of one state, in order to give full faith and credit to a judgment rendered in another state, to ascertain the effect which it has in that state, the law of that state must be proved like any other matter of fact. The opposing decisions in *Ohio v. Hinchman*, 27 Pa. St. 479, and *Paine v. Schenectady Ins. Co.* 11 R. I. 411, are based upon the misapprehension that this court, on a writ of error to review a decision of the highest court of one state upon the faith and credit to be allowed to a judgment rendered in another state, always takes notice of the laws of the latter state; and upon the consequent misapplication of the postulate that one rule must prevail in the court of original jurisdiction and in the court of last resort."

Again, in *Chicago & A. R. Co. v. Wiggins Ferry Co.* 119 U. S. 616, the court, when considering the effect of the constitutional requirement that " full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," say it implies that the public acts of every state shall be given the same effect by the courts of another state that they had, by law and usage, at home; and the learned chief justice says: " Whenever it becomes necessary under this requirement of the constitution for a court of one state, in order to give faith and credit to a public act of another state, to ascertain what effect it has in that state, the law of that state must be proved as a fact. No court of the state is charged with knowledge of the laws of another state, but such laws are in that court matters of fact which, like other facts, must be proved before they can be acted upon. This court and the other courts of the United States, when exercising their original jurisdiction, take notice, without proof, of the laws of the several states of the United States; but in this court

when acting under its appellate jurisdiction, whatever was matter of fact in the court whose judgment or decree is under review, is matter of fact here."

In view of these excerpts, we think the learned counsel is mistaken in the assumption, that the supreme court of the United States has laid down a rule in conflict with *Rape v. Heaton.* But, that the question may be reviewed by that court, at the request of counsel we will state the precise point we decide in the case, which is that the trial court was not bound to take judicial notice of the law of Minnesota regulating the action of replevin, but in the absence of all proof on the subject the presumption would be that it was the same as the law of this state. This clause will be inserted in our judgment.

It follows from these views that the judgment of the circuit court is affirmed.

*By the Court.*— Judgment affirmed.