ELMERGREEN, Respondent, vs. WEIMER, Appellant.

*January 29—February 16, 1909.*

*Corporations: Action, when may be brought by stockholder: Neces-sary parties: Pleading: Dissolution of corporation: Continuance for bringing of actions, etc.: Statutes of other states: Presumptions.*

1. The wrongful taking and conversion by an officer of a corporation of moneys and property belonging to it is primarily a wrong to the corporation and it has the primary right to bring an action therefor.

2. If, in such case, the corporation fails to sue, it is a necessary party defendant in an action brought by a stockholder.

3. Assuming that an allegation that a corporation has been dissolved is sufficient on demurrer, a further averment that it has "no legal existence at the present time" states merely a conclusion of law, which is not admitted by the demurrer.

4. In the absence of allegations to the contrary it will be presumed on demurrer that the laws of another state with respect to corporations organized therein provide—like our sec. 1764, Stats. (1898)—that after such corporations are dissolved they shall continue for three years to be bodies corporate for the purpose of prosecuting and defending actions and of enabling them to settle and close up their business, etc.

5. Before a stockholder can bring an action for a wrong to a corporation which, though dissolved, still exists for the purpose of prosecuting and defending actions, he must show a demand upon the corporation to bring the suit or some sufficient reason for failure to make such demand.

6. An allegation that plaintiff was a stockholder in a corporation, when it was dissolved does not show that he was a stockholder when the action was commenced, some eighteen months thereafter.

7. An allegation that defendant controlled and dominated a corporation "up to the time of the dissolution thereof" does not show that he continued to dominate and control it thereafter, so as to excuse plaintiff's failure to demand that the corporation itself bring the action to remedy a wrong done to it by defendant. It cannot be presumed that after the dissolution defendant dominated or interfered with the winding up of the corporation as provided by law.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge.   *Reversed.*

This is an appeal from an order overruling a demurrer to the amended complaint.   The complaint is as follows:

"That at all times hereinafter mentioned and up to about April 18, 1906, the Michigan Ore Company was a corporation duly organized and existing under and by virtue of the laws of the state of Utah, and that said Michigan Ore Company was incorporated and organized by the defendant and certain of his business allies and associates for the avowed purpose of conducting mining operations; that the capital stock of the said Michigan Ore Company was $1,000,000, divided into 1,000,000 shares of the par value of $1 each, and that, as the plaintiff is informed and verily believes, at the time of the organization of said corporation 500,000 shares of said stock were duly set apart as treasury stock and placed in the treasury of said corporation and were the property of the said Michigan Ore Company; that from the organization of the said Michigan Ore Company and up to the time of the dissolution of said corporation the defendant, *John B. Weimer,* was the principal stockholder therein, and by himself and his agents held the controlling interest in the capital stock in the said Michigan Ore Company and elected the board of directors thereof, personal friends and business associates of the said *John B. Weimer,* who have at all times conducted the business of the said Michigan Ore Company in strict accordance with directions given by the said *John B. Weimer,* and have in all things pertaining to the said corporation been absolutely under the domination and control of the said *John B. Weimer,* and that the said *John B. Weimer* continued to control the directors and officers of said Michigan Ore Company up to the time of the dissolution thereof; that at all times herein mentioned and up to the time of the dissolution of said corporation the plaintiff was a stockholder in said company and held 50,000 shares of the capital stock of said company; that on or about the month of October, 1904, the defendant unlawfully took and carried away from the treasury of said company said treasury stock the property of said company, and unlawfully sold the same for a large sum of money, the exact amount of which is unknown to plaintiff, and converted

the proceeds thereof to his own use; that the amount realized by said defendant on the sale of said treasury stock exceeded the sum of $10,000, as plaintiff is informed and verily believes; that about the same time the defendant unlawfully, and in violation of the rights of said company and its stockholders, seized upon the cash in the treasury of said Michigan Ore Company, amounting to about $8,600, as plaintiff is informed and believes, and converted the same to his own use; that after the taking and conversion of the said treasury stock and cash by the defendant and in order to silence the minority stockholders the defendant caused said board of directors and officers of said company to transfer and convey to the Ophir Tunnel Company, another mining corporation organized by the defendant and incorporated under the laws of the state of Utah, certain mining claims to which the Michigan Ore Company had record title, thus rendering the Michigan Ore Company insolvent, and exchanged with said minority stockholders other than the plaintiff stock in the Ophir Tunnel Company for their holdings in the Michigan Ore Company, and thus further increased his holdings of stock in the Michigan Ore Company and deprived the plaintiff of the support and assistance of the other minority stockholders; that, as plaintiff is informed and believes, the defendant called a special meeting of the stockholders of the Michigan Ore Company, which was held in Salt Lake City, Utah, on or about April 18, 1906, and that at said meeting, by a vote of the stock owned and controlled by the defendant as aforesaid, said corporation was dissolved and ceased to be a body corporate, and, as plaintiff is informed and believes, said corporation has no legal existence at the present time; that the plaintiff brings this action on his own behalf and on behalf of all other stockholders of the Michigan Ore Company similarly situated, if any there be, and for the purpose of compelling an accounting by the defendant and restitution to plaintiff and such other.persons as may be entitled thereto as stockholders of the Michigan Ore Company of the moneys so taken by defendant and of the value of the treasury stock of the Michigan Ore Company so taken by defendant and converted to his own use.

"And for another and separate cause of action the plaintiff repeats all the allegations contained in the first cause of action regarding the organization of the Michigan Ore Company by

the defendant and his ownership and control by himself and his agents of the majority of the capital stock thereof, and his consequent control of the board of directors of said corporation at all times herein mentioned, and hereby refers to and makes the same a part of this cause of action as if again set out in full herein; and plaintiff further alleges that at the times herein mentioned and up to the time of the dissolution of said corporation he was a stockholder in the Michigan Ore Company and was the owner of 50,000 shares of the capital stock of said company; and, further complaining, plaintiff respectfully alleges and shows that, as plaintiff is informed and believes, certain mining claims in the state of Utah were turned into the Michigan Ore Company at the time of the organization of said corporation in payment of the capital stock thereof, and that the title of said mining claims were held in the name of the defendant, *John B. Weimer,* in trust for said Michigan Ore Company; that, upon demand of certain stockholders of said company at some time in the summer of 1904, the defendant, who was then secretary and treasurer of the Michigan Ore Company, executed to said company assignments of said mining claims so held in his name and delivered the same to said company; that, as such secretary and treasurer, it was his duty to place said assignments upon record, but that he withheld the same, and thereafter and with intent to defraud the Michigan Ore Company and the stockholders thereof he executed new assignments of said mining claims to the Ophir Tunnel Company and placed the same upon record; that this was all done without the knowledge of the minority stockholders and without any authority; that the Ophir Tunnel Company is a corporation organized by defendant and incorporated under the laws of the state of Utah, and defendant is the principal stockholder in said corporation, as plaintiff is informed and believes, and that the said Ophir Tunnel Company claims to be the owner of said mining claims under said assignments and refuses to return the same to the Michigan Ore Company; that the titles and descriptions of said mining claims are unknown to plaintiff, but that said mining claims were and are worth at least $150,000, as plaintiff is informed and believes; that this action is brought by plaintiff on behalf of himself and all other stockholders of the Michigan Ore Company similarly situ-

ated; that, as plaintiff is informed and believes, the defendant called a special meeting of the stockholders of the Michigan Ore Company which was held in Salt Lake City, Utah, on or about the 18th day of April, 1906, and at said meeting, by a vote of the stock owned and controlled by the defendant as aforesaid, said corporation was dissolved and ceased to be a body corporate, and, as plaintiff is informed and believes, said corporation has no legal existence at the present time.

"Wherefore plaintiff prays for a decree of this court requiring the above-named defendant, *John B. Weimer,* to account for the moneys and treasury stock so wrongfully taken and converted to his own use and for the value of the mining claims so transferred by him to the Ophir Tunnel Company, and that the defendant be required to pay to the plaintiff and such other persons as may be entitled thereto the amount so found to be due on said accounting, and for such other and further relief in the premises as may be just and equitable, and that the plaintiff do have and recover the costs and disbursements of this action."

The defendant demurred on the following grounds:

"(1) That the complaint does not state facts sufficient to constitute a cause of action.

"(2) That the court has no jurisdiction of the subject of the action.

"(3) That there is a defect of parties defendant by reason of the omission of the Michigan Ore Company, its officers and directors."

For the appellant there was a brief by *Timlin & Grogan,* and oral argument by *W. H. Timlin, Jr.*

*H. L. Kellogg,* for the respondent, cited 2 Clark & M. Priv. Corp. § 549, and cases cited; Id. §§ 322–329; 3 id. § 865; *Crumlish's Adm'r v. S. V. R. Co.* 28 W. Va. 623; 1 Jones, Ev. (1st ed.) § 82, and cases cited in note 8; *Guilford v. W. U. Tel. Co.* 59 Minn. 332; *Wineburgh v. U. S. S. & St. R. A. Co.* 173 Mass. 60.

KERWIN, J.    The complaint and grounds of demurrer are set out in the statement of facts and need not be repeated

here.    The wrong complained of is primarily a wrong to the corporation and through it a wrong to the stockholders; therefore the primary right of suit to redress the wrong rests with the corporation.    The Michigan Ore Company therefore had the right to prosecute this action, and, failing to do so, was a necessary party defendant in an action brought by a stockholder.    *Donnelly v. Sampson,* 135 Wis. 368, 115 N. W. 1089; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964; *Jenkins v. Bradley,* 104 Wis. 540, 80 N. W. 1025; 2 Cook, Corporations, § 738.    The complaint alleges that the Michigan Ore Company had been dissolved, and, assuming for the sake of argument that this allegation is sufficient on demurrer, the further allegation that it has "no legal existence at the present time" is insufficient, and not admitted by the demurrer, because such allegation is simply a conclusion of law, and conclusions of law in pleadings are not admitted by demurrer or sufficient allegations of facts.    *Brown v. Phillips,* 71 Wis. 239, 36 N. W. 242; *Kellogg v. Larkin,* 3 Pin. 123; *Williams v. Williams,* 63 Wis. 58, 23 N. W. 110; *State ex rel. Weiss v. District Board,* 76 Wis. 177, 44 N. W. 967. Where a foreign law is not pleaded the presumption is that it is the same as our law.    *Rape v. Heaton,* 9 Wis. 328; *Osborn v. Blackburn,* 78 Wis. 209, 47 N. W. 175; *St. Sure v. Lindsfelt,* 82 Wis. 346, 52 N. W. 308.    And this rule applies to statutes subject to some exceptions not necessary to consider here.    *Hull v. Augustine,* 23 Wis. 383; *Pierce v. C. & N. W. R. Co.* 36 Wis. 283; *Schoenberg v. Adler,* 105 Wis. 645, 81 N. W. 1055; *Bartlett v. Collins,* 109 Wis. 477, 85 N. W. 703; *Hyde v. German Nat. Bank,* 115 Wis. 170, 91 N. W. 230; *Edleman v. Edleman,* 125 Wis. 270, 104 N. W. 56. Sec. 1764, Stats. (1898), provides:

"All corporations whose term of existence shall expire by their own limitation, or which shall be voluntarily dissolved in the manner provided by law or by its articles of association, or shall be annulled by forfeiture or otherwise, shall never-

theless continue to be bodies corporate for three years there-
after for the purpose of prosecuting and defending. actions
and of enabling them to settle and close up their business, dis-
pose of and convey their property and divide their capital
stock, and for no other purpose; and when any corporation
shall become so dissolved the directors or managers of the af-
fairs of such corporation at the time of its dissolution, by
whatever name they may be known, shall, subject to the power
of any court of competent jurisdiction to make, in any case, a
different provision, continue to act as such during said term
and shall be deemed the legal administrators of such corpora-
tion with full power to settle its affairs, sell or dispose of
and convey all its property, both real and personal, collect
the outstanding debts, and after paying the debts due and
owing by such corporation at the time of its dissolution and
the costs of such administration divide the residue of the
money and other property among the stockholders or mem-
bers thereof."

The legal existence of the Michigan Ore Company at the
time this action was commenced not being negatived because
of the insufficiency of the allegations in that regard, and the
foreign law respecting the existence of corporations for wind-
ing-up purposes being presumed, in the absence of allegations
to the contrary, to be the same as our own, the Michigan Ore
Company continued to be a body corporate for three years
after the alleged dissolution for the purpose of prosecuting
and defending actions and of enabling it to settle and close
up its business as provided by the statute above referred to.
Regarding the law of the foreign state, therefore, the same as
ours and the corporation consequently having existence, it
was incumbent upon the plaintiff to show a demand upon the
corporation to bring the suit or some justifiable reason for
failure to make a demand.   Counsel for respondent, as we
understand his argument, undertakes to excuse lack of de-
mand upon the ground that the corporation had no existence
after dissolution, and, further, upon the allegation that the
defendant had "controlled and dominated the Michigan Ore

Company, its officers and directors up to the time of dissolution thereof." As we have seen, the Michigan Ore Company, upon the allegations of the complaint well pleaded, was still in existence for the purpose of suing and being sued; hence was the proper party plaintiff, unless it was established that plaintiff, a stockholder, had the right to sue. The complaint alleges that the Michigan Ore Company was dissolved April 18, 1906. This action was commenced in October, 1907. There is no positive allegation that the plaintiff was a stockholder when the action was commenced. The only allegation on the subject is that he was a stockholder at the time of dissolution. There is nothing whatever in the complaint showing that when the action was commenced the plaintiff was a stockholder. All the allegations of the complaint may be admitted and yet the plaintiff have owned no stock when this action was commenced. But, aside from this, we think the allegation that defendant controlled and dominated the corporation up to the time of dissolution is wholly insufficient. If the allegation were not limited to the time of dissolution, it might be said that the status of control and domination, having been shown to exist at a certain time, would be presumed to continue. But by the express allegations of the complaint the control and domination is limited to the time of dissolution. A new situation arose by the dissolution, and the corporation under the law was vested with power after dissolution to wind up its affairs and was the proper party to sue for that purpose. It cannot be presumed that defendant, after dissolution, dominated or interfered with the winding up as provided by law. So we think upon the facts pleaded no case was made entitling plaintiff to bring the action. We think it is also clear under the allegations of the complaint that the laws of the foreign state must be regarded the same as our own, and therefore the corporation had legal existence for three years after dissolution to sue and be sued. The Michigan Ore Company, therefore, was a necessary party defendant

if the plaintiff could maintain the action.    10 Cyc. 997; 22
Ency. Pl. & Pr. 1303, 1304.    We are convinced that the com-
plaint fails to show a right of action in the plaintiff, and that
there is a defect of parties in failure to make the Michigan
Ore Company a party defendant.

Another ground of demurrer is argued, namely, whether
the courts of this state will take jurisdiction of a case of this
nature against a foreign corporation.    This is an interesting
question, but not necessary to consider and which we do not
decide.

*By the Court.*—The order appealed from is reversed, and
the cause remanded with instructions to the court below to sus-
tain the demurrer, and for further proceedings according to
law.

TIMLIN, J., took no part.