STARKEY, Respondent, vs. MURPHY, Appellant.

*January 14—February 10, 1920.*

*Usury: Action of accounting by debtor: Complaint: Definiteness and certainty: Facts within knowledge of defendant.*

1. Where plaintiff had borrowed numerous sums from defendant and had made repayment of various sums which he alleged amounted to more than the amount borrowed so as to constitute usury, but was unable to state with certainty the amount owing, and the facts were within defendant's knowledge, plaintiff was entitled to an accounting.

2. Where in an action for an accounting the complaint alleged that plaintiff was not in possession of all the facts necessary to set up the plea of usury with the definiteness and certainty ordinarily required and that such facts were within the knowledge of defendant, a demurrer to the complaint was properly overruled.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

The appeal is from an order overruling the demurrer of the defendant to the plaintiff's complaint. The complaint alleges that on or about the 5th day of December, 1906, the plaintiff borrowed of the defendant $25 and paid him usurious interest, amounting to fifteen per cent. a month, for the same; that thereafter, and up to the 7th day of April, 1915, he continued to borrow, from time to time, various sums of money from the defendant, to the amount and value, as he is informed and believes, of upwards of $50,000, a large portion of which sum defendant claims of plaintiff; that plaintiff has paid to defendant over and above what he has received from the defendant as loans, in usurious interest thereon, an amount greatly in excess of what defendant claims to be due him; that the reason why plaintiff is unable to make his allegations more certain is that the defendant has written the names of supposititious and other indorsers upon various checks; that he used various names which he insisted that plaintiff should draw

checks to; that he has brought suit against this plaintiff, in the name of his wife, when this plaintiff had no dealings with the wife; that he had plaintiff make checks payable to various persons, and notes at the same time, which were fastened together, and ultimately the checks were to be returned to plaintiff, but many of which were never returned to him; that he made use of various corporate names, when no such corporation existed; and so conducted himself that it is almost impossible for this plaintiff to figure out exactly the amount that is due him from defendant. The prayer is for an accounting between plaintiff and defendant, and for such other and further relief as to the court may seem just.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and from an order overruling the demurrer the defendant appealed.

The cause was submitted for the appellant on the brief of *Adolph Kanneberg* of Milwaukee, and for the respondent on that of *Joseph B. Doe* of Milwaukee.

OWEN, J. As a general rule, proper pleading requires that the plea of usury specifically set forth the terms and nature of the usurious agreement and transaction, and all the facts and circumstances in relation thereto. *22 Ency. Pl. & Pr.* 431 and cases there cited; *Hull v. Augustine,* 23 Wis. 383. However, this is an action for an accounting, and the complaint alleges that plaintiff is not in possession of all the facts necessary to set up the plea of usury with that definiteness and certainty ordinarily required. That is the reason he desires an accounting. If he were in possession of the facts which would enable him to comply with the rule, an accounting would be unnecessary. He alleges, however, that these facts are within the knowledge of the defendant, and brings this action so that an account may be stated between them. It would seem that he is entitled to

an accounting, and that as the complaint is as definite and certain as he can make it, under the circumstances, the demurrer should be overruled.

*By the Court.*—The order appealed from is affirmed.