CHRISTENSEN and another, Appellants, vs. CHRISTENSEN and others, Respondents.

*October 13—November 10, 1931.*

For the appellants the cause was submitted on the briefs of *J. Henry Bennett* of Viroqua.

For the respondents there was a brief by *Albert C. Wolfe* and *O. R. Skaar* of La Crosse and *C. W. Graves* of Viroqua, and oral argument by *Mr. Wolfe.*

FOWLER, J. The ground of the demurrer is that several causes of action are improperly united in the complaint. It appears from the complaint that the plaintiff Oluf is the husband of Margaret. The defendants are brothers of Oluf. The three brothers inherited a farm and the personal property thereon from a deceased brother. Oluf under agreement with the defendants managed the farm for a time and expended his own funds in improvements and upkeep of the farm and purchase of personal property for which the brothers have not reimbursed him their proportionate share.

After a while Oluf left the place and the three brothers engaged the plaintiff Margaret to manage the farm, and pursuant to agreement between her and the three brothers she expended her own funds in upkeep of the farm and personal property for which the brothers have not reimbursed her. Afterwards Oluf conveyed the farm to Margaret, and from the time of the conveyance Margaret has managed the farm under agreement with the two defendants and made further expenditures of her own funds for like purposes on account of which she has not been reimbursed. All these facts are jumbled together. The prayer of the complaint fills a page and a half of the printed case and demands partition of the real and personal property' and accounting to the end that the two plaintiffs may each receive proper reimbursement of the funds expended from the parties liable therefor.

These facts state three causes of action, and, for want of allegation whether Oluf conveyed to Margaret his interest in the personal property on the farm when he conveyed his interest in the land, disclose that perhaps another cause of action exists between Oluf and his brothers for partition of the personal property. There is obviously stated: (1) A cause of action between Margaret and the two defendants for partition of the land with an accounting in respect of disbursements made by Margaret for its upkeep and improvement; (2) a cause of action by Oluf as plaintiff against his two brothers as defendants for reimbursement to Oluf by them of their proportionate shares of Oluf's expenditures while he was managing the farm; (3) a cause of action between Margaret as plaintiff and the three brothers as defendants for reimbursement of the expenditures made by her while she was managing the farm before Oluf conveyed his interest in the land to her. Whether for her expenditures made on account of the personal property since the conveyance by Oluf to her Margaret is entitled to re-

imbursement as co-owner or as manager for the three brothers does not appear, but whichever be the case her cause of action will hook up with one or the other of her two causes of action above indicated.

No two of these causes of action have the same parties plaintiff and defendant. Were the parties plaintiff and defendant the same in all three, the causes of action would be joinable and the complaint would not be demurrable for misjoinder, but motion would lie to compel statement of them separately. But in this case, the parties plaintiff and defendant not being the same, the causes of action are not joinable and demurrer lies. The distinction between the two classes of cases is so well and fully stated in an opinion by Mr. Justice DOERFLER in *Ernest v. Schmidt,* 199 Wis. 440, 223 N. W. 559, 227 N. W. 26, that further discussion of the subject would not serve any useful purpose.

*By the Court.*—The order of the circuit court sustaining the demurrer is affirmed.