Wells, Respondent, vs. Frank L. Wells Company and others, Appellants.

*December 9, 1931—January 12, 1932.*

*Geo. W. Taylor* of Kenosha, for the appellants.

*Judson W. Staplekamp* and *Robert V. Baker, Jr.,* both of Kenosha, for the respondent.

ROSENBERRY, C. J. The complaint is in nineteen paragraphs which are not arranged with reference to any cause of action. The action appears to have been begun under sec. 286.32, Stats. That section provides that the circuit

court shall have jurisdiction over directors, managers, trustees, and other officers of corporations in nine enumerated cases. The section is one which clearly confers jurisdiction upon the circuit court and in no manner regulates or was intended to regulate procedure.

Sec. 286.34 provides that the jurisdiction conferred by sec. 286.32 shall be exercised in an action prosecuted by the attorney general in the name of the state, or by any creditor of such corporation, or by any director, trustee, or officer thereof having a general superintendence of its concerns, as the case may require or as the court may direct.

It is alleged in the complaint that the plaintiff is a stockholder, but there is no allegation that the plaintiff is a trustee or officer of the defendant corporation or otherwise qualified to maintain an action under sec. 286.32.

The plaintiff has not directed our attention to any statute which authorizes the bringing of this action, but seeks to support his right to maintain the action on the ground that the court has such jurisdiction at common law. This is undoubtedly true. *Eschweiler v. Stowell,* 78 Wis. 316, 47 N. W. 361; 6 Fletcher, Cyc. Corp. p. 6869, § 4053, and cases cited.

Although a money judgment be sought, such an action is one equitable in its nature. *North Hudson Mut. B. & L. Asso. v. Childs,* 82 Wis. 460, 52 N. W. 600. Being in its nature an equitable action, in the absence of a statute providing otherwise, the complaint is subject to the general rules of pleading applicable to all actions. The plaintiff may unite in the same complaint several causes of action, but the causes of action so united must affect all parties to the action and must be stated separately. Sec. 263.04. No attempt has been made in the complaint filed in this action to separate the various causes of action. If upon examination of the complaint it appears that causes of action have been

improperly united, the demurrer to the complaint upon that ground should be sustained. Sec. 263.06.

Turning now to the complaint, we find that paragraph one relates to the corporate character of the defendant company and the purposes for which it was organized. In paragraph two the plaintiff's interest as a stockholder is set out. In paragraph three the plaintiff alleges that he begins the action in his behalf and in behalf of all other stockholders. In paragraph four it is alleged that the defendant Harold G. Wells is the president and a director, that the defendants Joseph Wells and Francis M. Wells claim to have acted as vice-presidents, and that the defendant Marie Wirtz claims to be a director. The complaint contains no allegation that these four persons are stockholders. Perhaps that may be assumed from the fact that they are directors and officers.

In paragraph five it is alleged that the defendants, Harold G. Wells, Joseph Wells, Francis M. Wells, and Marie Wirtz, individually and in combination, have illegally converted each to his own use and benefit all the surplus earnings of the corporation by paying to themselves pretended salaries in the amounts therein set forth; that the amounts so paid to the said defendants are in excess of any sums paid to them as compensation for any work which they have done or performed for the corporation. Paragraph six alleges that said sums have been illegally converted and misappropriated to the damage and detriment of the stockholders. By combining allegations contained in paragraphs four, five, and six there can be spelled out allegations which state a cause of action in the corporation against the directors for mismanagement.

In paragraph seven it is alleged that the defendant Harold G. Wells, without authority, loaned himself the sum of $10,500 from the funds of the corporation without the approval, knowledge, or ratification of the stockholders and

without the approval or ratification of the board of directors and without any proper record or memorandum being made upon the books of the corporation. These allegations appear to be sufficient to state a cause of action in favor of the corporation against Harold G. Wells and no one else.

In paragraph ten it is alleged that the defendant Harold G. Wells has illegally invested the sum of $20,500 of the funds of the corporation in the stock of Nash Motors Company; that said investment was made without the approval of the stockholders or the board of directors and is now without the ratification of the board of directors, and that the investment made by the said Harold G. Wells in said stock has never been made a matter of record upon the books of the corporation. It is very doubtful if these facts are sufficient to constitute a cause of action in favor of the corporation against Harold G. Wells, but if they do, the cause of action is in favor of the corporation and against Harold G. Wells and no one else.

The complaint contains numerous other allegations which attempt to state various causes of action but not separately as required by the statute. It sufficiently appears, therefore, that the plaintiff has in his complaint united several causes of action which do not affect all parties to the action and which are not separately stated. There are two causes of action stated, neither of which affects the same parties. If Harold G. Wells wrongfully loaned himself $10,500, he alone is liable. The other directors are not liable for his act and are not affected by it.

In order to entitle the stockholders to maintain an action for the benefit of the corporation on account of acts of mismanagement by its officers and directors, it must appear that the action is brought in behalf of the corporation; that proper demand has been made upon the officers to begin the action and that the demand has been refused or that such a

demand would be useless.  *Elmergreen v. Weimer,* 138 Wis. 112, 119 N. W. 836.   See, also, note "Request that stockholders as a body sue directors as a condition of right of individual stockholders to bring the action in the interest of the corporation," 72 A. L. R. 628.

While there is an allegation that this action is brought on behalf of all other stockholders, this cannot be construed as an allegation that it was brought on behalf of the corporation.   The stockholders are not the corporation.   It is true that the prayer for relief asks for a judgment compelling the repayment of the misappropriated funds to the corporation, but the prayer is no part of the complaint. *Williams v. Oconomowoc,* 167 Wis. 281, 166 N. W. 322. Although it is nowhere alleged, a court might guess that a demand made upon the directors of the corporation to begin suit would have been useless and futile.   It does appear, however, that all causes of action stated in the complaint are in the corporation and not in the plaintiff.   No cause of action stated being in the plaintiff and the complaint containing no allegation that the action is brought on behalf of the corporation, no cause of action is stated in favor of the plaintiff.   The demurrer should therefore have been sustained on the ground that two or more causes of action were improperly united and upon the ground that no cause of action is stated in favor of the plaintiff.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to enter an order sustaining the demurrer as indicated in the opinion and for further proceedings according to law.