Isaacs, Appellant, vs. Milwaukee Chair Company and others, Respondents.

*October 10—November 9, 1938.*

*Martin J. Brennan* of Milwaukee, for the appellant.

For the respondents L. E. Sharpe, Louis J. Block, and the Milwaukee Chair Company there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

For the respondent Marshall & Ilsley Bank there was a brief by *Churchill, Churchill, Davis & Rapkin* of Milwaukee, and oral argument by *W. H. Churchill.*

For the respondents Henry S. Wright Company, Henry S. Wright, H. D. Wirth, Hugo Firchow, Frank Bauer, Eleanor Jacobi, and Charles C. Eiff there was a brief by *Shea & Hoyt,* attorneys, and *C. F. Mikkelson* of counsel, all of Milwaukee, and oral argument by *Mr. Mikkelson.*

ROSENBERRY, C. J. The complaint takes up sixty-three pages of the printed case, omitting the prayer for relief. To set out even the substance of the allegations would extend this opinion to an unwarrantable length. The demurrer was sustained upon the ground that it was not alleged in the complaint that the plaintiff was a stockholder at the time of the commencement of the action, upon the authority of *Elmergreen v. Weimer* (1909), 138 Wis. 112, 119 N. W. 836, and other cases.

We must take into account the fact that we are considering an amended complaint. The fact that the plaintiff is not suing in her own right but on behalf of the corporation must also be considered. The allegation of the complaint is "that the plaintiff, at all times hereinafter mentioned, was a stockholder of the Milwaukee Chair Company." The "times hereinafter mentioned" are times before the action was begun. Where a plaintiff sues in a representative capacity the

right to do so must be clearly alleged. For some reason the plaintiff prefers not to make an explicit allegation to that effect. Under the peculiar circumstances of the case we cannot apply the usual rule of liberal construction. Such an allegation is necessary. *Elmergreen v. Weimer, supra.* See also 13 Fletcher, Cyc. Corp. § 5972.

The complaint was also demurred to upon the ground that several causes of action were improperly joined. It is alleged in the complaint that from 1930 to 1934 certain named defendants were guilty of corporate mismanagement. For such acts of corporate mismanagement they alone would be responsible. It then alleges that in 1934 certain other defendants joined the conspiracy, and it is then alleged that the corporate assets were sold for an alleged inadequate consideration in which all of the defendants were involved. It is alleged that another defendant misapplied or misappropriated funds of the corporation for which he alone would be liable. It is further alleged that an employee received excessive wages, and it is sought to recover back the excess. These actions are clearly not joinable, and although no attempt was made to state the several causes of action in separate counts, they are nevertheless subject to demurrer for the reason that the severable causes of action are not joinable. *Ernest v. Schmidt* (1929), 199 Wis. 440, 451, 223 N. W. 559, 227 N. W. 26; *Christensen v. Christensen* (1931), 206 Wis. 10, 238 N. W. 813; and *Wells v. Frank L. Wells Co.* (1932) 206 Wis. 507, 240 N. W. 415.

It is also vigorously argued that it appears from the complaint that any injury sustained by a minority stockholder would have injured the defendant stockholders equally. It appearing that the defendant stockholders were the owners of ninety per cent of the capital stock of the Milwaukee Chair Company, the allegations contained in the complaint amount to an allegation that the defendants conspired to in-

jure themselves. While the argument is based upon a fair inference to be drawn from the facts stated in the complaint, it is considered that the complaint is not demurrable upon that ground. What the plaintiff seeks to do is to recover damages sustained by her as a minority stockholder, at the same time suing for the benefit of all other stockholders similarly situated. However highly improbable it may be it is possible that for some ulterior purpose a majority stockholder might be willing to wreck the company in order to injure a minority stockholder.

On behalf of the defendants it is contended that the trial court was in error in allowing the plaintiff leave to amend for the reason that in the course of the proceeding it was made to appear in open court that the plaintiff is the owner of a majority of the shares of stock of the company. The court declined to take this fact into consideration. This the court declined to do for the reason that the fact had not been set forth in any pleading or made a part of the record. It having been made to appear in open court that the plaintiff was no longer a minority but a majority stockholder, the court might well have taken that fact into consideration in exercising its discretion as to whether or not to permit amendment to the complaint. *Sova v. Ries* (1937), 226 Wis. 53, 276 N. W. 111. We cannot say, however, that the court abused its discretion in granting the plaintiff leave to amend.

*By the Court.*—The order appealed from is affirmed.