SHELSTAD, and others, Respondents, v. COOK, and others, Appellants.

*No. 75–189. Submitted on briefs November 5, 1976.—Decided May 17, 1977.*
(Also reported in 253 N. W. 2d 517.)

548

For the appellants the cause was submitted on the briefs of *Cook & Franke, S. C.* of Milwaukee.

For the respondents the cause was submitted on the brief of *Eckard von Estorff, S. Ward Greene, Richard S. Marcus* and *Godfrey & Kahn, S. C.* of Milwaukee.

DAY, J. This is an appeal from an order dated April 30, 1975 overruling a demurrer to the complaint. The action was brought by minority stockholders against majority stockholders of the corporation.

The questions on appeal are whether the facts pleaded state a cause of action and whether several causes of action are improperly joined.

The plaintiffs, Robert S. Shelstad, Richard J. Shelstad and John R. Ryan (minority stockholders) are identified in the amended complaint as registered shareholders of King Car Wash, Inc. (King), a Wisconsin corporation. The complaint alleges that the minority stockholders have voting control of approximately forty-six percent of the outstanding shares of the capital stock of King and that the stock was owned by them at the time the transactions complained of in the suit occurred and at the time the action was commenced. The status of the defendants is alleged as follows: Robert Cook is President, a director and owner of record of thirty-nine shares of King stock and controls forty-two shares through irrevocable proxies; John H. Hinkamp is the record owner of 129 shares; Robert L. Elliott is the Secretary and a director of King and Chester A. Cook is a director and employee of King.

The complaint also states that King is engaged in business as a car wash and is not subject to federal corporate income tax by reason of its "Subchapter S" election under the Internal Revenue Code, secs. 1371–1377 under which profits of the corporation are taxed as income to the shareholders in proportion to the number of shares owned.

The complaint is framed as stating four causes of action.

The first alleges that during the years 1971 through 1973 King paid, over objection of the minority stockholders, bonuses and salaries to the defendant Hinkamp,

Robert Cook and Chester Cook "for vague and indefinite consulting services and odd jobs . . . far in excess of the reasonable value to King of the services rendered by said defendants . . . ."

The second cause of action alleges that during 1971 through 1973, King's Board of Directors failed to distribute any of the earnings in the form of dividends, "notwithstanding that the shareholders have, by reason of the Subchapter S income tax status of King, been obliged to pay income taxes on such undistributed earnings." This cause of action further alleges that the retained earnings are "far in excess" of King's reasonable working capital requirements.

The third cause of action alleges that during the years 1971 through 1974 the defendants Robert Cook and John Hinkamp, owned or had voting control through irrevocable proxies of approximately fifty-four percent of King's outstanding capital stock and voted such shares as a block. During this period, King's directors improperly enacted stock transfer restrictions, improper on their face, for the sole benefit of the majority holders with the intention and effect of diminishing the value of such stock in the hands of the minority holders. The stock transfer restriction is attached to the complaint as an exhibit and incorporated by reference. The restriction is denominated, "Rider, Restriction on Transferability," dated January 1, 1974 and states that shares are transferable only upon compliance with a September 8, 1961 agreement by the parties to this action and another individual; additionally it restricts the plaintiff Ryan and his heirs, successors and personal representatives from transferring his shares without divulging the same to the company. The company through its counsel reserved the right to refuse to allow such transfer if in the counsel's opinion it would nullify King's Subchapter S status.

The fourth cause of action alleges that the individual defendants, acting in their various capacities as directors,

controlling stockholders, officers or employees of King, conspired to divert the assets and the earnings of King from legitimate corporate purposes and from the shareholders-at-large in order to further the private interests of the majority.

The plaintiffs also allege they wrote to the defendant, Robert Elliott, February 4, 1974 demanding that the Board of Directors correct the situation complained of. The letter attached to and incorporated by the complaint, stated it was intended to constitute the notice and demand to the Board of Directors required by sec. 180.405 (1) (b), Stats. (1973).[1]

The defendants demur to the complaint on the grounds that (1) the allegations therein do not state facts sufficient to state a cause of action and (2) several causes of action have been improperly united. The demurrer was overruled by order dated April 30, 1975. On October 20, 1975 this court denied motions by the plaintiffs to strike the defendants' brief and appendix or to dismiss the appeal or for summary affirmance.

On review of an order overruling a demurrer this court must liberally construe the pleadings with a view to substantial justice between the parties. All material inferences in favor of the facts alleged will be given and all

---

[1] "180.405 *Shareholder's derivative actions.* (1) No action may be instituted or maintained in the right of any domestic or foreign corporation by the holder or holders of shares . . . of such corporation unless:

"(a) The plaintiff alleges in the complaint that he was a registered shareholder . . . at the time of the transaction or any part thereof complained of.

"(b) The plaintiff alleges in the complaint with particularity his efforts to secure from the board of directors such action as he desires and alleges further that he has either informed the corporation or such board of directors in writing of the ultimate facts of each cause of action against each such defendant director . . . and the reasons for his failure to obtain such action . . . ."

material well-pleaded facts are to be taken as true. *State v. Ross*, 73 Wis.2d 1, 4, 242 N.W.2d 210 (1976). The question which must be answered by the court on demurrer is whether any cause of action has been stated upon which relief can be granted. The theory of the plaintiff's case is not controlling. A plaintiff is bound by the facts alleged, not by his theory of recovery. *Val-Lo-Will Farms v. I. Azoff Asso.*, 71 Wis.2d 642, 644, 238 N.W.2d 738 (1976).

The defendants argue that the complaint is defective because the plaintiffs failed to allege the individual defendants were officers, directors or shareholders of King at the time of the transactions complained of, citing sec. 180.405 (1) (a), Stats., *Isaacs v. Milwaukee Chair Co.*, 229 Wis. 184, 282 N.W. 1 (1938) and *Elmergreen v. Weimer*, 138 Wis. 112, 119 N.W. 836 (1909). They contend the conventional rule of liberal construction of a complaint is inapplicable, and therefore this omission is fatal. The cases cited by the defendants require the allegation the plaintiff owned stock at the time the action was commenced. *Elmergreen, supra*, 138 Wis. at 119. It was in this context the court in *Isaacs* said, "under the peculiar circumstances of the case we cannot apply the usual rule of liberal construction." 229 Wis. at 187.

*Elmergreen* pointed out that in a derivative action, "the wrong complained of is primarily a wrong to the corporation and through it a wrong to the stockholders; therefore the primary right of suit to redress the wrong rests with the corporation." 138 Wis. 117. The "derivative" nature of the suit is that the corporation either refuses or is unable to redress the wrong and for this reason the stockholder, as plaintiff, takes its place. The derivative nature of the suit requires that if the plaintiff is to speak in the litigation for the corporation, the wrong must ultimately affect him personally. 13 *Fletcher*

*Cyc. Corp.,* (Perm. Ed.), sec. 5948, p. 344 (1970). Plaintiff's special relation to the corporation as a stockholder is intrinsic to the very nature of the action and thus a prerequisite to plaintiff's standing to pursue it. *Id.,* sec. 5955, p. 353. The purpose of sec. 180.405, Stats. is also related to the special status of the plaintiff, not the defendant. The statute is intended to reduce the incidence of "strike suits" by persons who have purchased the stock with the intention of bringing a derivative action for wrongs sustained by the corporation prior to their ownership. *Becker v. Becker,* 56 Wis.2d 369, 373, 202 N.W.2d 688 (1972); *Rank v. Lease Associates, Inc.,* 45 Wis.2d 689, 173 N.W.2d 713 (1970). The statute requires the allegation the plaintiff was a stockholder at the time of the transactions complained of. It contains no comparable requirement regarding allegations concerning the defendant.

Neither the statute nor the cited cases state a rule requiring a special particularity of pleading concerning the defendants. The ordinary rule of liberal construction of the complaint should apply. *Rank, supra,* 45 Wis.2d at 696; *Wesolowski v. Erickson,* 5 Wis.2d 335, 340, 92 N.W.2d 898 (1958); *Whitcomb v. Albany Hardware Specialty Mfg. Co.,* 245 Wis. 86, 89, 13 N.W.2d 516 (1944).

In the amended complaint the plaintiffs allege, "the individual defendants herein, acting in their various capacities as directors, controlling shareholders, officers or employees of King, have conspired and acted at the behest of the majority to divert the assets and earnings of King from legitimate corporate purposes and from the shareholders-at-large in order to further the private interests of the majority." This allegation of wrongful acts by the defendants, who are corporate officers, agents of majority stockholders, sufficiently states their in-

volvement. 13 *Fletcher Cyc. Corp.*, sec. 5952, p. 350 (1970).

The defendants also attack the complaint on the ground it fails to characterize the action as derivative and brought on behalf of the corporation. There is no requirement, however, that the complaint must state it is "on behalf of the corporation" in so many words. The mere labeling of a complaint does not determine its nature; the nature of the action must be determined as a whole and all allegations in the complaint may be considered. *Wesolowski, supra,* 5 Wis.2d at 339.

In the case before us, the trial court found:

"As I read the complaint and then read Sec. 180.405 it occurred to the court that the complaint was a classic attempt to pattern itself after 180.405. I fail to see where that statute contains any requirement that there be a statement in the complaint that it is indeed a derivative cause of action. It seems to me that a reading of the statute, when compared to the complaint, clearly denominates it as a derivative cause of action within the meaning of Sec. 108.405 of the statutes."

In determining the nature of a suit such as this the trial court has considerable discretion in construing the language of the complaint. *Whitcomb, supra,* 245 Wis. at 88.

The plaintiffs allege that corporate assets are being diverted to, among other things, excessively high salaries, bonuses and consulting fees. This would, if true, be a wrong to the corporation. Exhibit B, attached to and incorporated by the complaint, describes itself as a formal demand on the Board of Directors pursuant to sec. 108.-405, Stats.

Additionally, the prayer for relief may be referred to in determining the character of the action. *Marshfield*

*Clinic v. Doege,* 269 Wis. 519, 526, 69 N.W.2d 558 (1955). *But cf. Wells v. Frank L. Wells Co.,* 206 Wis. 507, 512, 240 N.W. 415 (1932).

The prayer seeks, among other things, restitution to the corporation of excessive salaries and bonuses and an accounting by the corporation's directors and officers. This relief, if granted, would flow to the corporation. The case relied on by the defendants *Wells v. Frank L. Wells Co.,* 206 Wis. 507, 240 N.W. 415 (1932) is not in point. In *Wells* the action was brought on the stockholders' own behalf. Furthermore, there was no allegation of a demand for the directors to take corrective action, which is a prerequisite to a stockholder's derivative suit.

The defendants allege that several causes of action are improperly joined under sec. 263.04, Stats.[2] Defendants argue that plaintiffs' second and third causes of action are individual and not derivative in nature; also that defendant John H. Hinkamp is not required to defend the first, second and third causes of action.

The test of whether there is more than one cause of action is whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication. *Dalton v. Meister,* 71 Wis.2d 504, 514, 239 N.W.2d 9 (1976). This court has also described a cause of action "as an aggregate of operative facts giving rise to a right or rights . . . which will be enforced by the courts." *Val-Lo-Will Farms v. I. Azoff & Asso.,* 71 Wis.2d 642, 644, 238 N.W.2d 738 (1976).

---

[2] "263.04 *Uniting Causes Of Action.* The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

In a stockholder's derivative suit the right of the plaintiff is secondary; the primary right is that of the corporation. In an individual action, the primary claim is that of the plaintiff himself. *Elmergreen, supra, also see,* 13 *Fletcher, supra,* sec. 5908, pp. 279–280. Plaintiffs' third cause of action alleges the stock transfer restrictions were enacted to enhance the value of the shares of the majority and to diminish the value of the shares of the minority. Arguably this alleges an injury to the minority stockholders and not to the corporation. Moreover authorities are divided on whether an action to compel the payment of dividends is derivative. 13 *Fletcher,* sec. 5923.1, p. 307. These are questions we need not explore in this case.

We conclude that justice will be best served by allowing the claims stated to proceed together. The claims are not unrelated, even if some of them were to be considered nonderivative. *See, Willcox v. Harriman Securities Corp.,* 10 F. Supp. 532, 536 (S.D.N.Y. 1933).

Mr. Hinkamp is alleged to control, with Mr. Robert Cook, a majority of the outstanding shares of capital stock, which shares are voted as a block according to the allegations of the complaint. Mr. Hinkamp is further alleged to have participated with the other defendants in a conspiracy to divert assets from the corporation. Accepting these allegations as true, as we must under the rules applicable to a demurrer, Mr. Hinkamp is a proper defendant in both the derivative and individual actions in the complaint.

*By the Court.*—Order affirmed.