991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
DAN T. SLAUGHTER & ASSOCIATES, INCORPORATED, Clay T.
Slaughter, and Florence Slaughter, Plaintiffs/Appellants,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant/Appellee.
 No. 92-1837.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1993.*
Decided April 1, 1993.
 
 Before CUMMINGS, CUDAHY, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Dan T. Slaughter & Associates, Incorporated (the Corporation), the registered owner of a truck seized and administratively forfeited by the Federal Bureau of Investigation ("FBI"), and Clay and Florence Slaughter (the Slaughters), who were shareholders of the Corporation, brought a civil action against the FBI, seeking compensatory and punitive damages. The plaintiffs brought their action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. § 554 and 706, and the Due Process Clause of the Fifth Amendment. The district court dismissed the suit, finding that the Slaughters lacked standing to collect damages, Fed.R.Civ.P. 12(b)(1), and that the Corporation had failed to state a claim. Fed.R.Civ.P. 12(b)(6). The Corporation and the Slaughters appeal. We affirm.
 
 I. BACKGROUND
 
 2
 This appeal centers on a 1984 Chevrolet Silverado truck that was used by Dan Slaughter to transport, conceal, and otherwise to facilitate the transport of cocaine. Agents of the FBI arrested Slaughter in January of 1986 and seized the truck pursuant to 21 U.S.C. § 821(a)(4) and (b). Slaughter ultimately was charged with and convicted of distributing cocaine and conspiracy to distribute cocaine. See United States v. Rollins, 862 F.2d 1282 (7th Cir.1988), cert. denied, Slaughter v. United States, 490 U.S. 1074 (1989). While the criminal case against Slaughter was pending, the FBI initiated proceedings to administratively forfeit the truck. See 19 U.S.C. §§ 1602-1619; 21 C.F.R. § 1316.71-1316.81. In May of 1986 the FBI mailed formal notices of the administrative forfeiture to Dan T. Slaughter at a post office box in Kenosha, Wisconsin and to Daniel Taylor Slaughter at an address in Racine, Wisconsin and at the Metropolitan Correctional Center in Chicago. The FBI also mailed formal notices of the forfeiture to Marine Bank South in Kenosha, and to Slaughter's attorney in Chicago. Finally, notice was published on three dates in both the Chicago Daily Law Bulletin and the Milwaukee Sentinel.
 
 
 3
 All the notices advised that anyone who wished to contest the administrative forfeiture was required to file a claim and cost bond with the FBI before June 12, 1986, and that anyone who wished to seek remission of the truck was required to submit a petition for remission within thirty days of the notice of seizure. The Corporation filed a petition for remission on June 23, 1986, which was denied on the grounds that the Corporation had failed to establish that it was an innocent owner. See 28 C.F.R. § 9.5(c)(2). No one filed a claim and cost bond contesting the forfeiture of the vehicle. In March of 1987 the FBI issued a Declaration of Forfeiture, forfeiting the truck to the United States pursuant to 19 U.S.C. § 1609.
 
 
 4
 Subsequently, the Corporation and the Slaughters filed an administrative claim with the FBI for the value of the truck. 28 U.S.C. § 2675. By letter dated April 3, 1990, the FBI denied the claim on the grounds that no wrongful or negligent act had been committed by any FBI agent in seizing the truck and because under 28 U.S.C. § 2680(c), the United States is not liable for tort claims arising out of the detention of goods by law enforcement officers. The plaintiffs were advised that pursuant to 28 U.S.C. § 2401(b), they had six months from the date of the letter to file a suit under the FTCA.
 
 
 5
 On October 9, 1990, the Slaughters filed a civil action under the FTCA, seeking monetary damages from the FBI for the loss of the truck. In July of 1991 the Corporation filed an amended complaint that added claims under the APA and the Due Process Clause. The district court granted the FBI's motion to dismiss in April of 1992.
 
 II. DISCUSSION
 
 6
 The district court's dismissal of the Slaughters' claims for lack of subject matter jurisdiction is a question of law, which we review de novo. Duffy v. United States, 966 F.2d 307, 310 (7th Cir.1992). We also review de novo the district court's dismissal of the Corporation's complaint for failure to state a claim. Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991).
 
 A. Subject Matter Jurisdiction
 
 7
 The district court held that the Slaughters, suing as shareholders of the Corporation, lacked standing to litigate for the loss of the truck. As a general principle, a corporate shareholder does not have an individual right of action against third parties for damages to the shareholder resulting indirectly from injury to the corporation and, as such, lacks standing to sue in federal court. Flynn v. Merrick, 881 F.2d 446, 449 (7th Cir.1989). Under Wisconsin law, which applies here since Wisconsin is the state of incorporation, see Burkes v. Lasker, 441 U.S. 471, 477-78 (1979), causes of action that belong to the corporation cannot be maintained by individual shareholders unless they have suffered direct injury. See Rose v. Schantz, 201 N.W.2d 593, 597 (Wis.1972). The Corporation was the registered owner of the truck, a point that the Slaughters do not, and cannot, dispute. Hence the Corporation, as the owner of the asset, suffered direct injury, the loss of a corporate asset. The Slaughters suffered only indirect injury, a decrease in the value of their stock.
 
 
 8
 The Slaughters purport to show that they suffered a direct injury because they used marital assets to make finance payments on the truck. They contend that these payments created a constructive trust, and they were its trustees and the Corporation was its beneficiary. This specious contention merits little discussion. There was no constructive trust between the Corporation and the Slaughters. The Slaughters were no more than guarantors on the installment contract to finance the Corporation's truck, see WIS.STAT. § 403.416 (1989-90), and status as a guarantor does not confer standing to sue. See Mid State Fertilizer v. Exchange Nat'l Bank, 877 F.2d 1333, 1334-37 (7th Cir.1989). Though we have previously acknowledged that a shareholder who suffers an injury that is separate and distinct from the type of injury suffered by other shareholders might have an individual right of action against third parties for damages, see Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1194 (7th Cir.1985), the Slaughters suffered no such injury. They lost no more than the other shareholders did when the FBI seized and forfeited the truck, and had no special contractual relationship with the FBI that might have been disrupted by the forfeiture.
 
 
 9
 Finally, the "derivative proceeding" set forth in the Wisconsin statutes, WIS.STAT. §§ 180.740, 180.741 (1989-90), which permits a shareholder to sue on behalf of a corporation, does not, as the Slaughters assert, grant them an individual cause of action for their injury. Rather, a derivative proceeding merely allows a shareholder to take the place of a corporation that has suffered a direct injury and either refuses or is unable to redress the wrong. See Shelstad v. Cook, 253 N.W.2d 517, 520 (Wis.1977). That is not this case, as the Corporation, a party in this suit, obviously is both willing and able to challenge the forfeiture. The district court correctly concluded that the Slaughters lacked standing to sue in this case.
 
 B. Federal Tort Claims Act
 
 10
 The Corporation contends that the FBI, in seizing and forfeiting the truck, negligently deprived it of property without proper notice. It challenges the district court's conclusion that the Corporation's claim, which was brought under the Federal Tort Claims Act, 28 U.S.C. § 2672 et seq., was time barred because the Corporation failed to file its suit within six months after the FBI denied its claim. See 28 U.S.C. § 2401(b).[1]
 
 
 11
 The six-month period set forth in § 2401(b) began running on the day after the FBI mailed the letter denying the Corporation's FTCA claim and expired on the day before the same calendar date six months later. See Tribune v. United States, 826 F.2d 633, 635 (7th Cir.1987). The FBI contends, and the district court found, that the letter of denial was mailed on April 3, 1990. This finding is clearly erroneous, given that the letter contains a stamp that says the letter was mailed on April 6. If we calculate the limitations period using April 6 as the date on which the denial letter was mailed, we find that the Corporation timely filed its FTCA claim. October 6, the day on which the deadline would have expired, fell on a Saturday, so the Corporation had until the next Monday to file; however, Monday, October 8, 1990, was Columbus Day, a holiday, which pushed the deadline back to Tuesday, October 9, the date on which the Corporation filed its complaint. The district court therefore erred in dismissing the Corporation's FTCA claim as untimely.[2]
 
 
 12
 Nevertheless, we agree with the district court's ultimate decision to dismiss the Corporation's FTCA claim. Under the FTCA a governmental agency cannot be sued in its own name; the suit must be brought against the United States. Hughes v. United States, 701 F.2d 56, 58 (7th Cir.1982). The Corporation named the FBI and three agents of the FBI, not the United States, as the defendants in its suit. Hence, the district court lacked subject matter jurisdiction over the Corporation's FTCA claim, see Finley v. United States, 490 U.S. 545, 552-53 (1989), and dismissal of the claim was proper.
 
 C. Administrative Procedure Act
 
 13
 Next, the Corporation contends that the district court erred in concluding that the Corporation's complaint failed to state a claim under the APA. In the district court the Corporation maintained that the section 5 of the APA, 5 U.S.C. § 554, and section 10(e) of the APA, 5 U.S.C. § 706, permitted it to bring this suit to challenge the adequacy of the notice of administrative forfeiture. The district court determined that neither section applied to this case. On appeal, the Corporation apparently concedes (correctly) that section 5 is inapplicable and rests its argument solely on section 10(e). We agree with the district court that section 10(e) does not provide a basis for judicial review of the adequacy of the FBI's notice.
 
 
 14
 Section 10(e) of the APA sets forth the scope of judicial review of the findings and decision of an administrative agency. But the scope of judicial review means nothing if there is no basis for judicial review under the APA in the first place. Such is the case here. Section 10(a) of the APA, 5 U.S.C. § 702, says that the FBI has waived its sovereign immunity only in suits "seeking relief other than money damages." But money damages are exactly what the Corporation seeks in this case. The Corporation asks for compensatory damages equal to the full replacement value of the truck as well as punitive damages in excess of $100,000. Because section 10(a) of the APA explicitly precludes the type of relief that the Corporation seeks, see Bowen v. Massachusetts, 487 U.S. 879, 893-901 (1988); Hubbard v. EPA, 949 F.2d 453, 466-67 (D.C.Cir.1991), the district court correctly concluded that the Corporation's complaint failed to state a claim under the APA.
 
 D. Due Process
 
 15
 Finally, we come to the Corporation's claim under the Due Process Clause of the Fifth Amendment. The Corporation brings this claim against the FBI pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[3] We need not reach the merits of this claim, for it is barred by the doctrine of sovereign immunity. In Bivens, the Court recognized a cause of action against individual government officers for constitutional violations, but not against government agencies such as the FBI. The United States and its agencies are generally immune from damage liability unless their immunity is expressly waived. United States v. Mitchell, 445 U.S. 535, 538 (1980). There is no such waiver shown here other than that allowed under the FTCA.
 
 III. CONCLUSION
 
 16
 The district court correctly concluded that it lacked subject matter jurisdiction over the Slaughters' claim, and properly found that the Corporation's complaint failed to state a claim under the APA or the Due Process Clause. The district court's finding that the Corporation failed to timely file its FTCA claim was clearly erroneous; nevertheless, because the district court lacked subject matter jurisdiction over the FTCA claim, dismissal of the claim was proper.
 
 
 17
 AFFIRMED.
 
 
 
 *
 On October 6, 1992, this court granted the appellants' motion to waive oral argument. See Fed.R.App.P. 34(a); Cir.R. 34(e). Accordingly, this appeal is submitted for decision on the briefs of the parties and the record
 
 
 [1]
 Section 2401(b) provides:
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
 
 
 [2]
 Because we have found that the Corporation's complaint was timely filed, we need not consider the Corporation's argument that since the it filed its complaint through the mails, the district court should have treated the complaint as filed when it was sent rather than when it was received
 
 
 [3]
 In its complaint, and again in its appellate brief, the Corporation cites 42 U.S.C. §§ 1983 and 1985 as bases for its due-process claim. Section 1983 is inapplicable here. Section 1983 serves as the basis for suits against local governments and state and local government officers acting under state law to redress violations of federal law. It does not apply to violations of federal law by the federal government or officers of the federal government who are acting under color of federal law, as the Corporation has alleged. See Wheedlin v. Wheeler, 373 U.S. 647, 649-50 (1963). Moreover, the Corporation's complaint failed to state a claim under § 1985, for the Corporation failed to allege that it was a member of a protected class. See Quinones v. Szorc, 771 F.2d 289, 291 (7th Cir.1985)