**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 10, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP209**

**STATE OF WISCONSIN**

Cir. Ct. No. 2014CV606

**IN COURT OF APPEALS
DISTRICT II**

BENJAMIN JOSSUND AND KRISTINA JOSSUND,

   PLAINTIFFS-APPELLANTS,

   V.

HEIM PLUMBING, INC., CINCINNATI INSURANCE,
CHRISTOPHER DEVOE AND LEE REALTY OF SHEBOYGAN INC. D/B/A
COLDWELL BANKER WERNER & ASSOCIATES,

   DEFENDANTS,

US BANK N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION
TRUST,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Sheboygan County: ANGELA W. SUTKIEWICZ, Judge. *Affirmed in part; reversed in part.*

Before Neubauer, C.J., Reilly, P.J., and Hagedorn, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Benjamin and Kristina Jossund appeal from an order dismissing their claims against US Bank N.A., as Trustee for LSF8 Master Participation Trust ("US Bank"). We agree that the alleged facts did not plausibly support a negligence claim for relief, but disagree that dismissal was appropriate as to the remaining four claims. We affirm in part and reverse in part.

## BACKGROUND

¶2    In May 2014, the Jossunds purchased a residence in Herman, Wisconsin. After moving in they found defects, including a damaged water tank and broken water pipes. Results included sewage in the basement and an elevated fungal growth, making Kristina ill.

¶3    In September 2014, the Jossunds commenced this action for damages against Heim Plumbing, Inc., which had been hired to inspect the house's plumbing system, and Cincinnati Insurance, Heim's insurer. In January 2015, the Jossunds amended their complaint to include Christopher Devoe, the realty company Devoe worked for, Lee Realty of Sheboygan, Inc. d/b/a Coldwell Banker Werner & Associates (collectively the "realtor"), and the seller, US Bank.

¶4    In January 2016, the Jossunds filed a second amended complaint with the same causes of action.

¶5    Both the first amended and second amended complaints set forth five causes of action against US Bank:  (1) violation of WIS. STAT. § 100.18 (fraudulent misrepresentations), (2) fraudulent misrepresentation: strict

responsibility, (3) intentional misrepresentation, (4) negligent misrepresentation, and (5) negligence.

¶6     Without leave of court, in July 2017, the Jossunds filed a third amended complaint. They added claims for breach of contract (against Heim and US Bank) and violations of WIS. STAT. §§ 895.446 (intentional property damage) and 943.20(1)(d) (theft). The Jossunds dropped the claims against US Bank for negligence, negligent misrepresentation, and strict responsibility misrepresentations.

¶7     In August 2017, before any defendant responded, the Jossunds filed a fourth amended complaint.

¶8     In September 2017, US Bank moved to dismiss the fourth amended complaint and to deny leave to add the new causes of action sought by the Jossunds. The other defendants also filed motions to dismiss the fourth amended complaint.

¶9     At a November 20, 2017 hearing, after reviewing the briefs and hearing oral argument, the circuit court denied leave to file the fourth amended complaint, noting that the case was three years old, that no new information supported amendment despite "extensive discovery," and unfairness to the defendants. In response to the Jossunds' inquiry, the court affirmed that the case would proceed under the second amended complaint against the other defendants, but granted US Bank's motion to dismiss, stating there were "no plausible facts supporting any cause of action against [US Bank]."

¶10     The Jossunds appeal. They challenge the dismissal of US Bank under the second amended complaint (hereinafter the complaint), not the court's

denial of their request to file the fourth amended complaint or their attempt to proceed under the third amended complaint.

## DISCUSSION

¶11 Whether a claim is stated under which relief can be granted is a question of law for our de novo review. ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. On a motion to dismiss, the complaint's allegations are taken as true as are the reasonable inferences therefrom, *see **Kaloti Enters., Inc. v. Kellogg Sales Co.***, 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205, but we cannot add facts as we review the complaint, *see **John Doe 67C v. Archdiocese of Milwaukee***, 2005 WI 123, ¶19, 284 Wis. 2d 307, 700 N.W.2d 180. Moreover, pleaded facts and legal conclusions must be distinguished, as the latter are not accepted as true and they are insufficient to defeat a motion to dismiss. ***Data Key Partners***, 356 Wis. 2d 665, ¶19.

¶12 The basics of a claim are required from the complaint: "A short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief…. A demand for judgment for the relief the pleader seeks." WIS. STAT. § 802.02(1)(a)-(b).

¶13 Because allegations of fraud were made, we also must consider WIS. STAT. § 802.03(2), which provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." To plead something with particularity, it is necessary to specify the time, place, and content of an alleged false representation. ***Friends of Kenwood v.***

*Green*, 2000 WI App 217, ¶14, 239 Wis. 2d 78, 619 N.W.2d 271. Particularity means the "who, what, when, where and how." *Id.* (citation omitted).

¶14     In Wisconsin, it is the substantive law underlying the claim "that drives what facts must be pled." *Data Key Partners*, 356 Wis. 2d 665, ¶31. Facts should be alleged that tell the court the plaintiffs are plausibly entitled to relief. *Id.*

¶15     Each of the first four causes of action, violation of WIS. STAT. § 100.18, strict responsibility fraudulent misrepresentation, intentional misrepresentation, and negligent misrepresentation, requires an untrue statement or a misrepresentation. *See Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶13, 270 Wis. 2d 146, 677 N.W.2d 233; *Whipp v. Iverson*, 43 Wis. 2d 166, 169-70, 168 N.W.2d 201 (1969).

¶16     US Bank contends the complaint fails to plausibly suggest the Jossunds are entitled to relief from US Bank because there are no allegations of fact as to a misrepresentation by US Bank. We agree that there are not sufficiently specific allegations of any misrepresentation by US Bank directly to the Jossunds.

¶17     However, US Bank's argument fails to recognize that the complaint seeks to hold US Bank responsible as a principal for the misrepresentations of its real estate agent. A seller may be held liable for his or her agent's representations even if the seller had no knowledge the representations were made. *See Grube v. Daun*, 173 Wis. 2d 30, 66, 496 N.W.2d 106 (Ct. App. 1992), *overruled on other grounds* by *Marks v. Houston Cas. Co.*, 2016 WI 53, 369 Wis. 2d 547, 881 N.W.2d 309; *Sullivan v. Glenn*, 782 F.3d 378, 381 (7th Cir. 2015) (noting that a principal can be liable for an agent's misrepresentations if person to whom misrepresentation was made would have no reason to doubt that it was a true

statement authorized by the principal); *see also* RESTATEMENT (SECOND) OF AGENCY § 257 (AM. LAW INST. 1958).[1]

¶18 US Bank suggests that the complaint fails to sufficiently allege an agency relationship. We disagree. Very generally, if an individual or company hires "someone to negotiate a deal for you, subject to your approval, that someone is your agent." *Sullivan*, 782 F.3d at 380-81; *Skrupky v. Elbert*, 189 Wis. 2d 31, 46-47, 526 N.W.2d 264 (Ct. App. 1994).[2]

¶19 The complaint alleges the realtor provided real estate brokerage services for US Bank as the seller of the property, that US Bank accepted the Jossunds' purchase offer and that US Bank was compensated for the purchase price.

¶20 The complaint identifies various activities in which the Jossunds communicated directly with the realtor in the course of the sale of the property. Whether the facts bear out an agency relationship or liability of the broker vis-à-vis the bank under statutory provisions relating to the duties of realtors is not at issue in this motion to dismiss. Rather, at this point we must accept the facts alleged as true and their reasonable inferences. The complaint alleges enough to

---

[1] RESTATEMENT (SECOND) OF AGENCY § 257 (AM. LAW INST. 1958) provides that "A principal is subject to liability for loss caused to another by the other's reliance upon a tortious representation of a servant or other agent, if the representation is: (a) authorized; (b) apparently authorized; or (c) within the power of the agent to make for the principal."

[2] *Skrupky v. Elbert*, 189 Wis. 2d 31, 46-47, 526 N.W.2d 264 (Ct. App. 1994) quotes from a well-known text on agency law: "Agency is a consensual, fiduciary relation between two persons, created by law by which one, the principal, has a right to control the conduct of the agent, and the agent has a power to affect the legal relations of the principal." WARREN A. SEAVEY, HANDBOOK OF THE LAW OF AGENCY § 3 at 3 (1964).

show that US Bank, a seller of property, engaged the realtor to negotiate the sale on its behalf, subject to its approval.

¶21 Beyond that, the allegations of the complaint are sufficient to identify the time, place, and content of the alleged affirmative representations the realtor made before the sale of the property. We bear in mind that we should not view the allegations narrowly or in isolation, but rather we must consider the complaint as a whole. *See Shelstad v. Cook*, 77 Wis. 2d 547, 555, 253 N.W.2d 517 (1977) ("[T]he nature of the action must be determined as a whole and all allegations in the complaint may be considered.").

¶22 Paragraphs 9 and 10 allege that upon the March 21, 2014 inspection, Heim noted "damage" to the plumbing in its report but was unable to test the plumbing because it was not readied for inspection by the realtor.[3] The Jossunds also allege that Heim failed to pump the holding tank as had been represented,

---

[3] The Jossunds' complaint alleges:

> 9. The home was also inspected by a home inspector selected by the Jossunds, and who conducted the inspection on March 21, 2014. The defendant, Lee Realty of Sheboygan, Inc., dba, Coldwell Banker Werner & Associates ("Coldwell") by its agent Mr. Christopher Devoe was to have readied the Property for the Jossunds' home inspector. The Property would need to have the water turned on and propane added to the propane tank to turn on the heat ("Dewinterized").

> 10. The home was not Dewinterized until part way through the home inspection on March 21, 2014 so that the home inspector was unable to test the plumbing. The home inspector noted in his report some damage to the plumbing that he observed without the water turned on. The Defendants made representations regarding the condition of the property, or failed to disclose to the Plaintiffs serious conditions adversely affecting the property of which Defendants had knowledge.

Heim became aware of defects, including broken pipes, during the inspection, and it failed to disclose them in its March 27, 2014 report.

¶23     As to the misrepresentations, the Jossunds allege in paragraph 10: "Defendants made representations regarding the condition of the property, or failed to disclose to the Plaintiffs serious conditions adversely affecting the property of which Defendants had knowledge."

¶24     US Bank correctly points out that the final sentence of paragraph 10, which lumps all of the defendants together and fails to identify the who, what, where, when, and how of any representation, would not survive a motion to dismiss the fraud and WIS. STAT. § 100.18 claims.

¶25     However, the complaint goes on to provide the missing detail as to the realtor.  The Jossunds allege that the real estate agent for the seller agreed to pay for the private sanitary system (holding tank), well system, and water inspections, and they selected Heim.  They allege Heim told them that the holding tank would need to be pumped, which was not done.  Kristina expressed concerns to the realtor that the home was not completely dewinterized (i.e., water turned on) and he said US Bank would not dewinterize the property again.  The realtor told Kristina "that the plumbing defects discovered in the inspection would only cost $150 if the Jossunds fixed them on their own, and that there were no … conditions about the Property for the Jossunds to be concerned."  This conversation took place on March 24, 2014, when Kristina spoke to the realtor in his office.  The Jossunds finalized their written offer on March 27, 2014.  These allegations are sufficient to provide the who, what, when, where, and how necessary to survive a motion to dismiss.

¶26 The Jossunds further allege that the representations of the complaint regarding the condition of the property were untrue, the omissions were deceptive and misleading, and that they relied upon them when purchasing the home. By alleging that the statements that the damage to the plumbing could be readily fixed for $150 and there was nothing to be concerned about were untrue, the complaint details the problems with the water tank and broken pipes discovered after the purchase.

¶27 The Jossunds also generally allege that in purchasing the home they reasonably relied on the untrue representations which were a cause of their damages.

¶28 While the complaint largely and repeatedly focuses on the allegations of paragraphs 9 and 10, which alone would be insufficient to plead the time, place, and content of the alleged misrepresentations, the complaint goes on to detail the statement of the realtor to Kristina. Again, this allegation provides the specificity missing in paragraph 10. The Jossunds then repeatedly incorporate the allegations of the complaint before each cause of action, and in the first count refer to the "representations referred to in this complaint including the representations" described in paragraphs 9 and 10 as being "untrue, deceptive/or misleading information" "regarding the condition" of the real estate.

¶29 Thus, with regard to the first claim, to be entitled to relief under WIS. STAT. § 100.18, the Jossunds sufficiently alleged that the realtor, as an agent for US Bank, made a representation with an intent to induce, that the representation was untrue, and that the representation caused a monetary loss. *See Fricano v. Bank of Am. NA*, 2016 WI App 11, ¶15, 366 Wis. 2d 748, 875 N.W.2d 143 (2015).

¶30 The three misrepresentation claims—strict responsibility, intentional, and negligent—also sufficiently alleged the realtor, as an agent for US Bank, made representations that were untrue. The common elements of the three types of misrepresentation consist of (1) the defendant making a factual representation, (2) which was untrue, and (3) which the plaintiff believed to be true and relied on to his or her detriment. *See Tietsworth*, 270 Wis. 2d 146, ¶13. The complaint sets forth each of these elements for the claims, including general allegations of reliance, causation, and damages.[4]

¶31 As relevant to the particular causes of action, the Jossunds also sufficiently alleged the statements were made with personal knowledge or in circumstances in which the realtor ought to have known the truth, alleged sufficient facts to show the realtor and bank had an economic interest, that they believed the representations (strict responsibility), that the statements were made with intent to deceive (intentional misrepresentation), or without due care (negligence).

¶32 We agree with US Bank that the last claim fails to set forth sufficient facts to plead a plausible claim. The Jossunds simply allege that US Bank negligently failed to care for the holding tank and caused the problems to go undetected. A negligence claim requires the existence of a duty on the part of the bank, a breach of that duty, a causal connection between the breach and the

---

[4] Justifiable or reasonable reliance can be a question of fact. *See, e.g., Novell v. Migliaccio*, 2008 WI 44, ¶¶2-3, 309 Wis. 2d 132, 749 N.W.2d 544; *Caulfield v. Caulfield*, 183 Wis. 2d 83, 94, 515 N.W.2d 278 (Ct. App. 1994); *Johnson Bank v. Tiziani*, No. 2010AP3121 slip op. (WI App Oct. 13, 2011). Here, the facts are accepted as true, and the Jossunds allege they relied on untrue statements about the condition of the property. Whether that gave rise to a duty to further inspect or precludes recovery as a matter of law is a question not appropriately considered with this motion to dismiss.

claimed injury, and proof of the injury itself. *See **Hoida, Inc., v. M & I Midstate Bank***, 2006 WI 69, ¶23, 291 Wis. 2d 283, 717 N.W.2d 17. By not having provided the minimal detail of what US Bank allegedly did, the Jossunds fail to plead a plausible duty or a breach of that duty by the bank that would support recovery in negligence. It is noteworthy that the Jossunds dropped the negligence claims against US Bank when they filed their third and fourth amended complaints. They fail to explain why they now seek to renew that claim, and their mere repetition of the allegations without developing any argument fails to persuade.[5] The complaint does not set forth facts to show a plausible claim for negligence against US Bank.[6]

    *By the Court.*—Order affirmed in part and reversed in part.

    This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

---

[5] We question why the Jossunds continue to assert claims against U.S. Bank that they chose not to replead. But this is a question more appropriately addressed at the circuit court level.

[6] We note US Bank asserts that the Jossunds waived their contention that their claims were sufficiently plausible, having not argued this below, and also that the Jossunds raised for the first time on appeal the idea of Devoe as the bank's agent. This is incorrect. On the first point, US Bank moved for dismissal of the fourth amended complaint, not the second amended complaint, and therefore none of the parties focused on the specifics of the claims of the second amended complaint. But both parties clearly briefed plausibility of the claims in the fourth amended complaint. On US Bank's second point, the Jossunds state in their opposition brief: "Contrary to [U.S. Bank's] arguments, the Jossunds specifically allege that Mr. Devoe was acting as [U.S. Bank's] agent at the time that he made false representations."